STATE BOARD OF MEDICAL EXAMINERS OF NEW JER-
SEY, PROSECUTOR, v. COMETIS DE YOUNG, RESPOND-
ENT.

Submitted October 14, 1927—Decided February 25, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Edward L. Katzenbach,* attorney-gen-
eral, and *Grover C. Richman.*

For the respondent, *Elmer W. Romine* and *Alexander
MacLeod.*

PER CURIAM.

This case is before this court by the allowance of a writ
of *certiorari* directed to the District Court of the city of
Passaic.   The writ brings up for review proceedings in-
stituted by the state board of medical examiners of New
Jersey against Cometis De Young for a violation of section
10 of the act entitled "An act to regulate the practice of
medicine and surgery, to license physicians and surgeons, and
to punish persons violating the provisions thereof," approved
May 22d, 1894.   This section was amended by chapter 271
of the laws of 1915 and chapter 221 of the laws of 1921.
It provides that any person practicing medicine or surgery
without first having obtained and filed the license provided
by the act shall be liable to a penalty of $200.   The suit in
the instant case was for $500, as De Young had been pre-
viously found guilty of the same offense and for a second
offense, if guilty, the act makes the penalty $500.

The complaint was made by a member of the state board of medical examiners. It alleged that Cometis De Young had violated said section 10. The usual warrant was issued on the complaint. A trial was had before the Passaic District Court. It was admitted that De Young was a duly licensed osteopathic physician. Those who were sworn in behalf of the state board testified that De Young had a large residence. In the window there was displayed a sign reading "Electric Treatments." In large letters appeared the words "Doctor De Young." In smaller letters appeared the words "Osteopathic Physician and Surgeon." There was also another sign reading "Dr. De Young." A sign reading "Dr. De Young's Health Office" was placed under the bay window of the residence. A sign hung over the porch reading "Dr. De Young." The testimony of one witness was to the effect that when she called De Young asked her what her trouble was. She told him she had pain in her stomach after eating. He asked if she was constipated, and when told she was, he said that the ascending colon might not be working and that the food lay there and caused pain and gas. De Young told the witness when she went home to take the juice of two sour oranges, rhubarb and soda, and to eat no dinner and no breakfast, and to come to his office in the morning at nine o'clock, when he would give her a glass of buttermilk and use the fleuroscope on her. The witness returned in the morning at the appointed time. De Young took her upstairs in a large room where there was an electric instrument. She removed some of her clothing and stood in front of a frame. De Young turned the lights out. He then turned the current of an electric machine on. It threw a light so he could see the organs of her body. He said that her heart was overworked, liver enlarged and stomach dilated. He took her blood pressure and asked for a specimen of her urine, for analysis. He afterwards reported the result of the analysis. Electric treatments were also given her by a nurse under the defendant's direction. Four other witnesses for the state board testified substantially to the same effect.

At the conclusion of the case the trial court dismissed the complaint on the ground that as the defendant was licensed

to practice osteopathy he had the right to give electric treatments. The question before us for decision is whether or not an osteopath who gives electric treatments to his patients is violating the Medical act. In the case of *State Board of Medical Examiners* v. *Lezenby,* 1 *N. J. Mis. R.* 20, it was held that the giving of electric treatments was a violation of the State Medical act. It does not appear in this case as to whether or not Lezenby was an osteopathic physician. The case is, however, authority to the effect that electric treatments constitute a violation of the Medical act. We cannot see that under the provisions of the Medical act it can make any difference by whom the electric treatments were given, if not given by a physican duly licensed to practice medicine and surgery under the Medical act, approved May 22d, 1894, and its amendments and supplements.

The contention of the defendant is that one who obtains a license to practice osteopathy has by the terms of the act (*Pamph. L.* 1913, *p.* 388) and its supplements, studied such subjects as would qualify him to give electric treatments. This argument is perhaps persuasive as to why osteopaths should by law be permitted to give electric treatments, but unsound as to their having under the statutes pertaining to the practice of osteopathy the legal right to do so. Under the law the osteopath is limited in his treatment to the manipulation of the human body by hand so as to bring all parts thereof into the proper position. With reference to the giving of electric treatments we feel that we are controlled by the case of State Board v. Lezenby.

There was also evidence that the defendant used the letters "Dr." in connection with his name and in some places upon his residence without qualification. By section 8 of the Medical act any person is regarded as practicing medicine and surgery who shall use the letters "Dr." in connection with his name and hold himself out as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, or who shall either offer or undertake by any means or method to diagnose, treat, operate or prescribe for any human disease, pain, injury,

.deformity or physical condition. Under this branch of the case the testimony seems to us to have warranted a conviction, as the defendant did use the letters "Dr." in connection with his name and did offer and undertake by a method to treat a physical condition.

The judgment of the District Court of the city of Passaic is reversed.