STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, RESPONDENT, v. LEROY JOHNSON, PROSECUTOR.

Submitted January 27, 1928—Decided May 2, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Elmer W. Romine.*

For the respondent, *Edward L. Katzenbach,* attorney-general, and *Grover C. Richman.*

PER CURIAM.

This case is presented under a writ of *certiorari* directed to the judge of the District Court of the city of Elizabeth. It brings up for review a judgment of that court holding that the prosecutor, Leroy Johnson, was guilty of violating section 10 of the act entitled "An act to regulate the practice of medicine and surgery, &c.," approved May 22d, 1894, as said section was amended by an act approved April 8th, 1921. The complaint alleged that the prosecutor did violate said section as amended in that he did commence and con-

tinue the practice of medicine and surgery within the meaning of section 8 of said act, as said section 8 was amended by an act approved April 12th, 1915, without first having obtained and filed a license for such practice issued by the state board of medical examiners. The complaint was made by a member of said state board of medical examiners. A warrant was issued. The defendant appeared. He demanded a jury. A jury was refused. Testimony was offered by which it was shown that the prosecutor had offices at 270 Morris avenue, in the city of Elizabeth. There was a sign on the door, "Leroy Johnson, D. C." There was another sign, "Chiropractor."

Mary De Vitto was examined by him and he told her she had arthritis and stomach trouble. He then had her disrobe and used an electric current upon her. He then twisted her shoulders about. He pronounced the treatment finished. Another witness, Helen Babkewicz, testified to receiving the same treatment. Other witnesses also testified substantially to the same effect. At the conclusion of the state's testimony a motion to direct a verdict for the defendant-prosecutor was made, the substance of which was that because of the limited title of the original act the legislature could not extend the act by amendments to include offenses which were not embraced in the original definition of the offenses in the act of 1894, and that the amendments were too broad and were not intended by the legislature to apply to any other method of healing outside of the use of drugs or medicines or the performance of surgical operations. The motion was denied. The defendant did not testify. No testimony was offered in his behalf. The defendant's case was rested. The court pronounced the defendant guilty and imposed a fine of $200 as he had been previously convicted of the same offense.

The first point argued for the prosecutor is with reference to the denial of the motion referred to. The prosecutor insists that the Medical act can only apply to those who actually practice medicine or surgery and that the amendments are unconstitutional because they have been extended to include offenses not embraced in the original act of 1894. We consider the title broad enough to include the offenses under

the amendments to the act. As was said by Mr. Justice Van Syckle in the case of *State* v. *Town of Union,* 33 *N. J. L.* 350: "The unity of the object must be sought in the end which the legislative act purposes to accomplish and not in the details provided to reach that end." The same idea was expressed by Mr. Justice Garrison in *Moore* v. *Burdett,* 62 *Id.* 163, when he said the title of an act was a label and not an index.

The question of the denial to the defendant of a jury trial is argued. This question was lately considered in the case of *State Board of Medical Examiners* v. *Beuttell,* 131 *Atl. Rep.* 89. It was held in that case that the defendant was not entitled to a trial by jury.

It is next argued that the record of conviction is defective. We think it is not. It was not necessary to set out the evidence in the form of conviction under chapter 221 of the laws of 1921 (*Pamph. L.* 1921, *p.* 710), which provides for a form of conviction to be used in cases of this character.

We are of the opinion that the evidence introduced at the trial was under the adjudicated cases ample to sustain the conviction. The prosecutor-defendant pretended to diagnose physical ailments. He treated those ailments with electrical treatments, all without any warrant in law so far as we are able to discover. He also gave what is commonly recognized as chiropractic treatments. He had no license to practice in this state as a chiropractor.

The judgment of the District Court is affirmed.