STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, PLAINTIFF—DEFENDANT IN CERTIORARI, v. WILLIAM H. O'NEILL, PROSECUTOR.

Submitted October term, 1928—Decided November 30, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Elmer W. Romine.*

For the defendant in *certiorari, Edward L. Katzenbach,* attorney-general of New Jersey.

PER CURIAM.

The writ of *certiorari* in this case was allowed to review the conviction of the prosecutor, William H. O'Neill, in the District Court of Camden. The defendant was charged with the violation of *Pamph. L.* 1921, *pp.* 702, 708, § 10, the act to regulate the practice of medicine and surgery.

The prosecutor is a licensed osteopath practicing at Camden, New Jersey. He filed eleven reasons for a reversal of the judgment in the Camden District Court, which are argued under four heads in the prosecutor's brief. *First.* The medical law can only apply to those who actually practice medicine and surgery. The Medical act has no jurisdiction over any

other form of healing, where the practitioner is licensed. It is not necessary on this point to follow the prosecutor's argument, because if we understand the point correctly, the Court of Errors and Appeals in the case of *State Board of Medical Examiners* v. *DeYoung,* 140 *Atl. Rep.* 676; 6 *N. J. Mis. R.* 231; *affirmed,* 6 *N. J. Adv. R.* 1603; and this court, in the case of *State Board of Medical Examiners* v. *Baudendistel,* 6 *N. J. Mis. R.* 249, on appeal No. 23, October term, 1928, Court of Errors and Appeals, have held a licensed osteopath in practicing osteopathy is limited by the statute. The Medical act applies to those who practice medicne and surgery within the meaning of the act. *Gillard* v. *Manufacturers Insurance Co.,* 93 *N. J. L.* 215, under that case, the title of the act which is comprehensive in character is sufficient.

*Second.* The complaint is defective. No so. The complaint charges the defendant with a statutory offense in the language of the statute. This is all that is required. *State* v. *Morris,* 98 *N. J. L.* 621; *Lowrie* v. *State Board of Dentistry,* 90 *Id.* 54.

*Third.* The prosecutor, being a licensed osteopath of New Jersey, is exempt from the provisions of the Medical act under which he was prosecuted. This is disposed of by what is said under point one, and in addition to that, what this court said in the recent case of State of New Jersey v. Watters, No. 202, October term, 1928, not yet reported, is pertinent, to wit: The difficulty with the proposition is that the defendant is limited by statute to the practice of osteopathy, which is specifically defined by the statute and by the decisions, and does not bring him within the general term of a regularly licensed physician.

*Fourth.* The prosecutor had a legal right to use electrical appliances. Not so. *State Board of Medical Examiners* v. *DeYoung, supra; affirmed,* 6 *N. J. Adv. R.* 1603. The prosecutor does not claim that he comes within the exception to *Pamph. L.* 1921, *pp.* 702, 707, § 9, *i. e.,* that he has been continuously engaged in giving treatment by electricity during the past fourteen years.

The judgment of the Camden District Court is affirmed, with costs.