ARTHUR CARL HEINTZE, PROSECUTOR, v. THE NEW JERSEY STATE BOARD OF MEDICAL EXAMINERS, RESPONDENT.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, S. Rusling Leap.

For the respondent, Robert Peacock.

The opinion of the court was delivered by

PARKER, J. The prosecutor was convicted in a penal action in the Camden District Court of violating section 10 of chapter 221 of the laws of 1921, in that he practiced medicine and surgery within the meaning of section 8 of said act, without having been duly licensed so to do.

At the outset of the trial he pleaded not guilty through his counsel, who then proceeded to a number of what he called "motions," which were presented in writing, numbered 1 to 18, inclusive, and are printed in the case. Not one of them is a motion, or calls upon the court to take any action. One and all, they are mere propositions of law read into the record. Later in the case, the court, after "denying" them *seriatim,* and allowing exceptions, characterized them as "reasons why the complaint should be stricken out." As it is clear on a reading of the case, that prosecutor desires to seek a court of ultimate resort in review of the conviction, we pass any technical question which may be involved.

The prosecutor is a chiropractor licensed under chapter 4 of the laws of 1920, which was later repealed, but saving licenses issued thereunder. He used the word "doctor" as a title; diagnosed; and treated patients not only by manual manipulation within the act of 1920, but by the use of vibrator, electric light, galvanic current, &c. His female assistant, in his presence, gave directions for a vegetarian diet and the use of flaxseed tea. That such practice is outside of a license to use chiropractice and within the domain of medicine and surgery seems entirely plain. Clearly, therefore, the case was in one or more respects within the statute, prescribing a penalty for practicing without a medical license. It may well be that the use of the word "doctor" by a regularly licensed chiropractor is permissible; we do not rest on that, but the other practices just mentioned are not.

Taking up in detail the reasons filed, numbers 1 to 6, inclusive, and 10, charge that the complaint is not sufficiently specific, and that it is multifarious. Suffice it to say that similar complaints have been held good in this court in several cases. *Lowrie* v. *Board,* 90 *N. J. L.* 54; *State Board*

v. *Giedroyc*, 91 *Id.* 61; *State Board* v. *O'Neill*, 6 *N. J. Mis. R.* 1075; 143 *Atl. Rep.* 814.

Reason 7, paragraphs a to g, and reasons 12, 13 and 16 invoke the fourteenth amendment to the federal constitution, and certain provisions of the state constitution relating to jury trial. It is settled in this state that under the present act trial is to be without jury, and that this statutory provision is valid. *State Board* v. *Buettel*, 102 *N. J. L.* 74.

Reasons 8, 9 and 17 assert that the act is an unreasonable exercise of the police power. Our view, and we think that of courts generally, is to the contrary.

Reason 11 is that the Medicine and Surgery act, and its amendments and supplements, are unconstitutional "in that there is an attempt to delegate to the state board of medical examiners the right to determine what system or branches of medicine or surgery or methods of treatment of diseases may be licensed."

Why this particular feature, if vicious, which is not conceded, should vitiate the entire scheme of legislation we fail to see; and the brief fails to make it clear.

The other reasons, numbers 14, 14-a, 15 and 18, are not argued.

We find no error, and the judgment and proceedings are therefore affirmed.