STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, PROSECUTOR, v. ANNA F. CITARELLA, RESPONDENT.

Submitted May 15, 1931—Decided November 13, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *William A. Stevens,* attorney-general, and *Robert Peacock,* assistant attorney-general.

For the respondent, *Frank B. Bozza.*

PER CURIAM.

This writ of *certiorari* brings up the action of the trial judge of the Second District Court of Newark in adjudging the defendant not guilty in an action brought by the State Board of Medical Examiners charging the defendant, Citarella, with the violation of section 10 of the act to regulate the practice of medicine, &c., in that defendant did commence and continue the practice of medicine and surgery within the meaning of section 8 of the act without having first obtained a license therefor.

The defendant was convicted at the first trial and was then granted a new trial by the trial judge apparently upon the ground that the trial was heard in the absence of the defendant. At the new trial the judge gave judgment in favor of the defendant and against the plaintiff.

We think that was erroneous. There was ample and undisputed testimony upon the part of the state board to the effect that the defendant was not licensed; that her place was furnished like a hospital, with instruments, compartments and beds; that she treated various witnesses for various complaints by the use upon the bodies of the witnesses of electrical appliances after having diagnosed their condition as various diseases. In one case she treated a woman for anemia after taking her blood pressure with an instrument; in another case she treated a woman for rheumatism and strained muscles. The defendant did not take the witness-stand and produced no witnesses in contradiction of the testimony upon the part of the state board that she used three or four different kinds of electrical instruments in the treatment of witnesses. Such evidence uncontradicted not only justified but required a finding of violation of the provision

of the statute of which complaint was made. The proceeding was civil and not criminal in character. The rules of procedure peculiar to civil jurisdiction were applicable. *State Board* v. *Van Burens,* 77 *N. J. L.* 433; *State Board* v. *Roche,* 102 *Id.* 262; *Lowrie* v. *State Board,* 90 *Id.* 54; *State Board* v. *Johnson,* 141 *Atl. Rep.* 591.

The judgment below will be reversed and a new trial awarded.