STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, PROSECUTOR, v. ANNA F. CITARELLA, RESPONDENT.

Submitted May 11, 1934—Decided August 2, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *David T. Wilentz,* attorney-general.

For the respondent, *Frank B. Bozza.*

The opinion of the court was delivered by

PERSKIE, J. Respondent, defendant below, was charged by the prosecutor, plaintiff below, with having violated section 10 of an act of the legislature of our state, entitled "An act to regulate the practice of medicine and surgery, to license physicians and surgeons and to punish persons violating the provisions thereof," approved May 22d, 1894, amended April 8th, 1921, in that she (defendant) did commence and continue to practice medicine and surgery during the months of August, September and October, 1929, within the meaning of section 8 of the said act as amended by *Pamph. L.* 1915, *ch.* 271, approved April 12th, 1915, without having first had and obtained a license for so doing, as provided by section 10 of the act aforesaid.

The complaint was filed November 7th, 1929. It was returnable November 18th, 1929. After several adjournments the case was heard, in the absence of defendant, on June 23d, 1930. Defendant was found guilty and a judgment of $200 was rendered in favor of plaintiff. On a rule to show cause the judgment was vacated. Subsequently the case was retried and at the end of plaintiff's case, on a motion for nonsuit, the court found the defendant not guilty. The plaintiff, on *certiorari,* brought up that judgment to this court for review. 9 *N. J. Mis. R.* 1148.

This court reversed the judgment of not guilty. It said:

"The defendant was convicted at the first trial and was then granted a new trial by the trial judge apparently upon

the ground that the trial was heard in the absence of the defendant. At the new trial the judge gave judgment in favor of the defendant and against the plaintiff.

"We think that was erroneous. There was ample and undisputed testimony upon the part of the state board to the effect that the defendant was not licensed; that her place was furnished like a hospital, with instruments, compartments and beds; that she treated various witnesses for various complaints by the use upon the bodies of the witnesses of electrical appliances after having diagnosed their condition as various diseases. In one case she treated a woman for anemia after taking her blood pressure with an instrument; in another she treated a woman for rheumatism and strained muscles. The defendant did not take the witness-stand and produced no witnesses in contradiction of the testimony upon the part of the state board that she used three or four different kinds of electrical instruments in the treatment of witnesses. Such evidence uncontradicted not only justified but required a finding of violation of the provision of the statute of which complaint was made. The proceeding was civil and not criminal in character. The rules of procedure peculiar to civil jurisdiction were applicable. *State Board* v. *Roche,* 102 *N. J. L.* 262; *Lowrie* v. *State Board,* 90 *Id.* 54; *State Board* v. *Johnson,* 141 *Atl. Rep.* 591."

On the retrial of the instant case the plaintiff, by stipulation, offered the transcript of the proofs in the former case. In addition thereto, a Mrs. Delia Orr testified to treatments by respondent and her testimony tended to corroborate the plaintiff's case.

Defendant testified for herself and offered other proofs to refute the charges made by plaintiff. She denied that she diagnosed or prescribed treatments or that she ever in fact treated by electricity or otherwise the witness who testified for the plaintiff. She did, however, say that she demonstrated some of the equipment. She explained the hospital set-up and the equipment thereof by saying that it was being prepared at the very time, that some of the witnesses for the plaintiff were there, for a maternity hospital and that she

had arranged for duly licensed physicians to supervise the hospital. As to the latter she was corroborated by a Dr. Joseph Metzky. She was, however, unable to procure the necessary permit to open the hospital.

There was some proof that defendant responded to the salutation of doctor, on the inquiry as to whether she was the doctor, upon the plaintiff's witnesses entering the premises. Defendant explained the applications under the National Prohibition act for liquor permits available to her if she was a physician only; that she merely signed these applications after explaining to certain government agents the type of an institution she intended to operate. There was no proof of authority to address her, concerning these applications as an M. D.

There was, therefore, a sharp divergence of testimony. If the learned trial judge, sitting summarily as a judge and jury, believed the witnesses for the plaintiff there was ample proof to support a verdict of guilty.

Our reports are replete with cases that the giving of electrical treatment is a violation of the Medical act. Following cases are typical: *State Medical Board* v. *Lezenby,* 1 *N. J. Mis. R.* 20. See, also, *State Medical Board* v. *Johnson,* 141 *Atl. Rep.* 591; *State Board* v. *Bleschmidt,* 142 *Id.* 549. In the case of *State Board* v. *Dussinger,* 9 *N. J. Mis. R.* 423; 154 *Atl. Rep.* 325; *affirmed,* 109 *N. J. L.* 346; 162 *Atl. Rep.* 575, the trial judge found that there were no electrical treatments given. In many other cases of which *State Medical Board* v. *Fleschmidt, supra,* and *State Board* v. *De-Young,* 6 *N. J. Mis. R.* 231; 140 *Atl. Rep.* 676; *affirmed,* 105 *N. J. L.* 255; 143 *Atl. Rep.* 813, are typical, the charge was not denied.

But the learned trial judge, apparently, was not convinced that the plaintiff had carried the necessary burden of proof. He was not willing, and he said so, to give great weight to plaintiff's witnesses; they were paid investigators. He believed the defendant and her witness' version of the facts.

It was entirely a question of fact. In a case such as this, tried by a judge without a jury, in a summary manner, the

214

trial judge determines the facts. *Bound Brook Stove Works* v. *Ellis,* 98 *N. J. L.* 523.

It is the well settled law, that this court, in reviewing decisions of an inferior tribunal, will not consider the weight to be given to testimony, nor the conclusions of fact to be drawn from it, and that where there was legal evidence before the court below upon which the finding of fact may be supported, we will not reverse its determination. *McAdams* v. *Block,* 63 *Id.* 508; *State Board of Medical Examiners* v. *Sabol,* 5 *N. J. Mis. R.* 156.

There was, however, ample legal evidence to support the finding of the trial judge. This disposes of the first, second and third reasons—all of which are predicated on the basis that there was no evidence to support the findings of the trial judge and that the judgment should have been rendered in favor of the plaintiff. The fourth reason, "the judgment is erroneous, illegal and contrary to law," is altogether too general and therefore is not considered. *Weishaupt* v. *Weishaupt,* 104 *N. J. L.* 465, 467; *Compton* v. *Compton,* 113 *Id.* 171; 173 *Atl. Rep.* 201.

Judgment is affirmed, with costs.