STATE OF IOWA, Appellant, v. CHARLES J. BOSTON, Appellee and Cross-Appellant.

No. 43483.

March 15, 1938.

Supplemental Opinion on Rehearing February 15, 1939.

John Mitchell, Attorney General, and Block, Block & Agnew, for appellant.

A. T. Holmes, J. M. Maloney, L. E. Linnan, and W. B Sloan, for appellee and cross-appellant.

RICHARDS, J.—During the period within which occurred the transactions hereinafter related, defendant held a license issued by the proper state authorities to practice chiropractic At no time was he licensed to practice medicine and surgery. It is claimed by plaintiff that certain practices on part of defendant were unauthorized under the license he held and constituted unlawful practice of medicine and surgery. To restrain such practices by injunction this action in equity was instituted by the State of Iowa. The district court granted the full relief prayed by plaintiff, excepting that in enjoining defendant from one of these practices, that is, the prescribing of specific courses of diet, the court provided that the decree should not enjoin defendant "from using his reasonable judgment in recommending to a patient certain changes of diet, exercise or such of his general habits as affect his health." From the portion of the decree that appears above as a quotation plaintiff has appealed and claims with respect thereto that prescribing of diet should have been wholly enjoined. Afterwards defendant appealed from the decree as a whole.

Defendant held himself out, including the using of newspaper and telephone directory advertising, as practicing physio-

therapy, electrotherapy, colonic irrigation, and diet. In some advertisements he designated himself as being a chiropractor and physiotherapist. In his office in Davenport where he treated patients defendant had a number of mechanical appliances, some of which brought electric and galvanic currents into contact with the patient's body. Rays emanating from other machines or appliances raised the temperature of portions of the patient's body, while another appliance imparted a physical vibration to the part of the body with which it was contacted. There was a "colonic irrigator" wherewith about two gallons of water were used as an enema, the procedure lasting from 20 to 30 minutes. Defendant also advised patients with respect to diet. It is to these and other modalities that the decree of injunction applied. Later in this opinion a portion of the decree is set out.

The question presented is whether the district court correctly held that the use of these things in the treatment of human ailments was not chiropractic, but constitutes practice of medicine. Section 2555, Code 1935, so far as pertinent to this case is in these words:

"2555. Chiropractic defined. For the purpose of this title the following classes of persons shall be deemed to be engaged in the practice of chiropractic:
"1. * * *
"2. Persons who treat human ailments by the adjustment by hand of the articulations of the spine or by other incidental adjustments."

In this statute is found the only source of defendant's authority to treat human ailments. Likewise therein is a legislative definition of what such treating of human ailments consists, i. e., adjustment by hand of the articulations of the spine or other incidental adjustments. When defendant professed to use and used modalities other than those defined in section 2555, as curative means or methods, the conclusion seems unavoidable that he was attempting to function outside the restricted field of endeavor to which the legislature has limited the practice of chiropractic. The only authority bearing on this question, that has come to our attention, is Heintze v. N. J. State Board of Med. Exam., 107 N. J. L. 420, 153 A. 253. In that case, Heintze, referred to in the opinion as prosecutor, had

been convicted in the lower court of the penal offense of practicing medicine and surgery without having been licensed so to do. Prosecutor Heintze was a chiropractor. The opinion does not set out the New Jersey statutes defining the nature of the practice of chiropractic, but the defendant in the case at bar admits in argument that these statutes, chapter 4 of the Public Laws of 1920, afterwards repealed, defined the treatment of chiropractic as "by hand". We quote from the opinion in the cited case:

"The prosecutor is a chiropractor licensed under chapter 4 of the laws of 1920, which was later repealed, but saving licenses issued thereunder. He used the word 'Doctor' as a title; diagnosed; and treated patients, not only by manual manipulation within the act of 1920, but by the use of vibrator, electric light, galvanic current, etc. His female assistant, in his presence, gave directions for a vegetarian diet and the use of flaxseed tea. That such practice is outside of a license to use chiropractic, and within the domain of medicine and surgery, seems entirely plain. Clearly, therefore, the case was in one or more respects within the statute, prescribing a penalty for practicing without a medical license. It may well be that the use of the word 'Doctor' by a regularly licensed chiropractor is permissible; we do not rest on that; but the other practices just mentioned are not."

Defendant draws from section 2559, Code 1935, certain inferences to support the proposition that as a chiropractor he had the right to practice in the manner shown. Section 2559 provides that a license to practice chiropractic shall not authorize the licensee to practice operative surgery, osteopathy, nor administer or prescribe any drug or medicines included in *materia medica*. Relying on the maxim *expressio unius est exclusio alterius,* defendant urges that, because in this statute the thing prohibited is administering or prescribing any drug or medicine included in *materia medica,* a legislative intent is shown to authorize chiropractors to use medicine in the broad general definition of a remedial agent or remedy. Defendant says that the statute did not add the words "vibrator", "traction tables", "ultra violet rays", "infra red lamps", "galvanic current", to the prohibitory words of section 2559, and that it is obvious these words cannot be added except by the legislature.

The case of Bay v. Davidson, 133 Iowa 688, 694, 111 N. W. 25, 27, 9 L. R. A. (N. S.) 1014, 119 Am. St. Rep. 650, throws some light upon the limitations incident to the application of the maxim on which defendant relies. The plaintiffs in that case, who were residents and taxpayers of the town of Grand River, sought to enjoin payment for materials and machines sold to the town by the defendants, who were the mayor and members of the town council. Because defendants were such officers it was claimed by plaintiffs·that the sales were unlawful. At the time of the sales section 668, Code 1897, provided that no members of any council shall be interested in any contract or job for work, or the profits thereof, or services to be performed for the corporation. Defendants contended that as this statute put restraint upon only such contracts as have in view the performance of service or work, it was an abrogation of the common law rule that related to other contracts. Discussing this contention the opinion says:

"This position is wholly untenable. It would seem that counsel have in mind the maxim '*expressio unius est exclusio alterius*' (the naming of one person or thing is an exclusion of the other). Reflection will make it clear that the maxim cannot be given application to work a result as here contended for. We have already said in this opinion that contracts of the character here in question are not included in the statute, and this, because the statute refers only to contracts for service or labor. And, in so holding, we have in a sense made application of the maxim above quoted. And, as we have seen, the decree was not predicated upon the statute, and there is no authority, as there can be no reason, for invoking the maxim to give validity to a contract void at common law as against public policy simply because it does not fall within the provisions of the statute. Both contracts for service and contracts of sale are prohibited at common law. The Legislature has done nothing more than to emphasize the prohibition as to service contracts. And, in our opinion, it would be absurd to give effect to the statute as evidencing at once a change of view respecting the matter of public policy, and as a declaration for the legality of all contracts theretofore within the class prohibited at common law save those in such statute prohibited in terms."

As already indicated, it appears to us that in section 2555

the legislature intended to define and limit the field of chiropractic. This limitation being mentioned in a preceding section of the act, there would appear to be, as to section 2559, no clear necessity for application of the maxim that the expressed contols or excludes the unmentioned. For it may correctly be said that the limitation, being that which defendant would exclude by the maxim, is not something unmentioned. As in the cited case, we are inclined to look upon section 2559 as doing nothing more than emphasize the prohibition as to *materia medica*. We think this ascribes to each section, without conflict between them, the true legislative intent. The injunctive portion of the decree of the trial court was as follows:

"WHEREFORE it is ordered, adjudged and decreed that the defendant, Charles J. Boston, be and he hereby is forever enjoined from the use of physiotherapy, electrotherapy, colonic irrigation, colon hygiene, ultra-violet rays, infra-red rays, radionics machines, traction tables, white lights, cold quartz ultraviolet light, neurolectric vitalizer, electric vibrator, galvanic current and sinusoidal current for the purpose of treatment of the sick or for any other purpose in connection with his practice of chiropractic and from the use of medicine and surgery and from prescribing certain or specific course of diet for any patient as an independent remedy or means of treatment. Defendant is not enjoined from using his reasonable judgment in recommending to a patient certain changes in diet, exercise or such of his general habits as affect his health but is enjoined from prescribing any specific or certain course of diet as above set out.

"The defendant is further enjoined from advertising his use of physiotherapy, electrotherapy, colonic irrigation, colon hygiene, ultra-violet rays, infra-red rays, radionics machines, traction tables, white lights, cold quartz ultra-violet light, neurolectric vitalizer, electric vibrator, galvanic current and sinusoidal current or any of them in the treatment of the sick or as an aid to or preliminary or preparatory to his use of chiropractic or in any other way holding out to the public that any of these means or modalities may be or are used by him in the treatment of the sick or as an aid to or preliminary or preparatory to the use of chiropractic or for any other purpose and from assuming or publicly professing to assume the duties of a physician

and surgeon or from using mechanical or electrical means or modalities in the practice of chiropractic or as an aid to or preliminary or preparatory to the use of chiropractic or from using or publicly professing to use any mode or general course of treatment other than chiropractic adjustments, and the Clerk is hereby ordered to issue an injunction in accordance with this decree.''

We approve the decree as restraining defendant from professing to and treating human ailments in modes and manners outside the field of chiropractic, excepting that defendant should have been enjoined wholly from the prescribing for or the advising of his patients with respect to diet. The case is affirmed on defendant's appeal and reversed on plaintiff's appeal with directions that a decree be entered in the district court in conformity herewith.—Affirmed on defendant's appeal; reversed on plaintiff's appeal, with instructions.

SAGER, ANDERSON, KINTZINGER, and MILLER, JJ., concur.

HAMILTON, J., dissenting, would affirm on both appeals.

### SUPPLEMENTAL OPINION ON REHEARING.

HALE, J.—The facts are fully set out in the former opinion, reported in 278 N. W. 291, of which this supplemental opinion is now made a part.

The injunctive portion of the decree of the trial court is set out in the original opinion and only needs to be referred to here. In short, it forbids the use of certain appliances or modalities, but permits defendant to recommend to a patient changes in diet, under certain restrictions. From the decree, except as to that part concerning diet, defendant appealed; and from that part permitting advising as to diet, the State appealed. The appeal was heard and determined in this court, and was reversed on plaintiff's appeal, with instructions, and affirmed on defendant's appeal.

Rehearing was granted June 24, 1938, and the case is now before us on such rehearing.

The defendant in his reply to plaintiff's argument on rehearing alleges that there is only one issue in this case, and that is: ''Do the things which the evidence shows the defend-

ant did, constitute the practice of medicine and surgery?" Such was the question on the former hearing: "Whether the district court correctly held that the use of those things in the treatment of human ailments was not chiropractic, but constituted practice of medicine."

This case was thoroughly argued and presented on the former hearing, and in the argument on this rehearing little has been added other than to amplify the arguments on the former submission. The defendant urges, as on the former hearing, that the statutes of Iowa make a chiropractor a member of the healing professions, with authority to use any agency in accomplishing this result of healing the sick so long as he did not violate the express statutory provisions found in the Code; and that our interpretation of the statutes permitting and regulating the practice of his profession is too narrow in restricting the persons so practicing to the provisions of section 2555 of the Code.

We repeat the provisions of that section, so far as applicable:

"Persons who treat human ailments by the adjustment by hand of the articulations of the spine or by other incidental adjustments."

The statutory definition does not vary to any great extent from the well-known and generally accepted definition of this form of the healing art.

See 11 C. J., p. 758:

"Chiropractics. A system of healing that treats disease by manipulation of the spinal column; the specific science that removes pressure on the nerves by the adjustment of the spinal vertebrae. There are no instruments used, the treatment being by hand only. The word is coined from two Greek words 'chiro' and 'practicas,' signifying something done with the hands." (Cases cited.)

Ballantine's Law Dictionary defines "chiropractic" as follows:

"The word is derived from the Greek, and means, primarily, to do by hand,—hand manipulation. Webster's New International Dictionary defines chiropractic to be a system

of healing that treats disease by manipulation of the spinal column.''

The practice of medicine and surgery is the practice of the healing art, and, unless some restriction be placed thereon by the legislature, the whole field of medicine and surgery is open to the practitioner. On the other hand, the practice of chiropractic, although recognized as a branch of the healing art, is throughout held and considered to be only one form of the practice, within well-defined limits, of the science of healing, as such practice is defined by Code section 2555. That is the method which may be used. To this the legislature has added, in section 2559, certain prohibitions. The legislature has prescribed the method of healing which may be used by these practitioners, and has further mentioned other methods which may not be used. The original opinion, describing the method these practitioners may employ, holds that these restrictions merely emphasize the limitations laid down in section 2555, to which defendant takes exception.

If section 2559 broadened the field in which the chiropractor might practice, and if he has the right to go outside the restrictions and employ other methods except such as are therein prohibited, then the whole field of medical science is open to him except as prohibited in that section. This defendant cannot claim. We believe that medicine and surgery comprehend the whole field of medicine and material medica; and that it was the intent of the legislature that chiropractic should be merely a form of treatment, and that it must be practiced according to the rules laid down by law. Whether or not the limitations are proper or too restrictive is not for this court to say.

If the use of these modalities is forbidden to the chiropractor, but they are used in the practice of medicine and surgery, as is held in the former opinion, to which we adhere, then this action was properly brought for a violation of the medical practice act.

It seems to us that the use of the appliances or modalities in the case at bar does come within the domain of medicine and surgery and would constitute a part of that practice. Therefore, as it constitutes a part of the practice of medicine and

surgery, and does not come within the definition of chiropractic, the injunction was properly issued.

It is urged that adherence to our former opinion will bar the use of mechanical appliances or common instruments by barbers, coaches, and others. The classes mentioned are not engaged in the practice of medicine, or of healing, nor are they holding themselves out to the public as healers.

The reason for all laws restricting this and other professions is the protection of the public, and to that end the legislature has seen fit to enact laws and provide means for enforcing the regulations governing the practice of the various forms of the art of healing, permitting each practitioner to follow his profession according to its established principles. Each may have its merits; but those persons who are authorized to practice one form of the art may not encroach upon another form for which they have no authority from the state.

The case is affirmed on defendant's appeal and reversed on plaintiff's appeal, with directions that a decree be entered in conformity herewith.—Reversed on plaintiff's appeal, with instructions; affirmed on defendant's appeal.

RICHARDS, SAGER, MILLER, and OLIVER, JJ., concur.