16197

McCRAE v. McCOY *ET AL.*

(52 S. E. (2d) 403)

*Messrs. John S. Hoar, C. M. Edmunds and M. M. Weinberg,* all of Sumter, *for Appellants,*

*Messrs. W. L. Clifton and C. L. Cuttino,* of Sumter, *for Respondent,*

March 16, 1949.

FISHBURNE, Justice.

This action was brought for the recovery of damages for personal injuries sustained by the respondent arising

out of a collision between a bicycle ridden by him and the defendant truck-trailer owned and operated by the appellant, McCoy. The accident occurred on November 30, 1946, about midday, on East Liberty Street in the City of Sumter. Upon trial of the case, a verdict was rendered by the jury in respondent's favor for $2,500 actual damages, for which judgment was entered. The appellant's motions for a mistrial and a new trial were overruled. The respondent was seriously and permanently injured, and there is no exception relating to the verdict as being excessive.

Upon call of the case, a motion to strike the following allegation from the complaint was granted by the trial judge:

"That defendant, Fred Holmes, was an incompetent driver and defendant, Ray L. McCoy, had knowledge thereof or should have had knowledge thereof had he exercised reasonable care in the selection and employment of said defendant, Fred Holmes."

In the course of the trial, Fred Holmes was called as a witness by the appellants. During his cross examination, respondent's counsel, it is charged, was guilty of misconduct in that he persistently pursued a prejudicial course in the examination of this witness by questioning him with reference to other highway wrecks in which he had been involved. Notwithstanding the ruling of the court striking out the allegation above referred to, this witness was asked the following questions: "Haven't you been involved in other accidents?" "Four people injured, haven't you?" Before the witness made answer, a motion for an order of mistrial was made by appellant's counsel on the ground of prejudice. The motion was refused.

The court ruled that the questions were incompetent, instructed the jury to pay no attention to them, and expressed the opinion that the alleged misconduct of respondent's counsel had not been willful. At this juncture the jury was excused and counsel for both parties proceeded to state

and argue their views as to the propriety of questioning the witness, Holmes, with reference to similar accidents in which he had been implicated. The court reaffirmed its ruling that the questions were not proper in view of the fact that allegations had been stricken out of the complaint charging that Fred Holmes was an incompetent driver. The jury was called back to the court room, and the trial judge again instructed them to disregard the matter completely and to exclude it from all consideration.

The primary question before us in this appeal respects the refusal of the trial court to grant the motions for a mistrial or for a new trial on the ground of prejudice arising out of the foregoing incident. A reversal is sought because of the alleged misconduct of respondent's counsel militating against a fair and impartial trial.

In the trial of cases, one of the most common forms of improper conduct is that of knowingly asking incompetent questions, and persistently pursuing this course of conduct in order to obtain an advantage with the jury, although held inadmissible by the trial court. This question was gone into rather thoroughly in the case of *Entzminger v. Seigler,* 186 S. C. 194, 195 S. E. 244, which contains many citations of cases illustrating the same point.

The general rule is that where the jury is cautioned and instructed to disregard the incompetent testimony, the judgment will ordinarily not be reversed. Usually, it is only where counsel persists in attempting to mislead and prejudice the jury by asking questions known to be out of order; or where a court of review can see that, notwithstanding the efforts of the presiding judge to remove the prejudicial effects of such conduct, an injury may have resulted to the other party, that a judgment should be reversed on that ground alone. Of course, where the damage done is ineradicable, the presence of good faith or inadvertence is of little moment. Necessarily, each case must be

judged on its own facts and circumstances. *Entzminger v. Seigler, supra; Collins v. Atlantic Coast Line R. Co.,* 183 S. C. 284, 190 S. E. 817; *Cox v. American Oil Co.,* 183 S. C. 519, 191 S. E. 704; *Horsford v. Carolina Glass Co.,* 92 S. C. 236, 75 S. E. 533; 39 Am. Jur., Sec. 65, Page 80; 53 Am. Jur., Sec. 459, Page 360.

The most recent case dealing with the question before us is that of *Gordon v. Rothberg,* 213 S. C. 492, 50 S. E. (2d) 202, in which the general rule is recognized that the granting of a motion for a mistrial by reason of anything occurring during the trial of a case, is in the sound discretion of the trial judge, and his ruling thereabout will not be disturbed unless there has been an abuse of discretion.

The record discloses that respondent's counsel, after the ruling by the court that the evidence sought to be elicited by him from the witness Holmes was inadmissible, made no further reference to the matter excluded, either by the examination of this witness or any other witness, or in argument to the jury.

As heretofore stated, it is conceded that respondent sustained serious and permanent injuries, and there is nothing in the record suggesting that the amount of the verdict is excessive. The incompetent questions were not answered by the witness, and the jury was carefully instructed to disregard them. The prejudicial effect of such questions is not reflected in the record, nor does it appear to have had any appreciable influence on the verdict of the jury.

A careful consideration of the issue fails to convince us that the learned trial judge committed reversible error. It is true that timely objection was interposed to the alleged impropriety, but we cannot regard this as a flagrant case, or that the appellants, in view of this occurrence, were in anywise prejudiced in obtaining a fair and impartial trial.

Another question is presented growing out of the following circumstances: Originally, Keystone Mutual Casualty Co., with whom the appellant, McCoy, carried liability insurance, was included as a party defendant. The cause was removed to the Federal Court, but upon the insolvency of the Keystone Mutual Casualty Company, it was dismissed from the action as a party. The cause was then remanded to the state court, and the complaint was amended so as to make no mention of the Keystone Company.

Error is assigned because the trial court refused to allow appellants to introduce the original pleadings in evidence, and to show why Keystone Mutual Casualty Company was no longer a party defendant. Appellants argue that they should have been permitted to present the fact that the defendant McCoy stood alone in the case, unprotected by liability insurance. They contend that evidence of this nature should have been allowed, not for the purpose of decreasing the liability of the appellant McCoy, "but to remove from the mind of the jury the illusory image of a great pot of gold from which they might bring forth a portion for the admittedly unfortunate plaintiff."

During the argument relative to the admission of this testimony the jury was excused from the court room, and so far as the record shows, knew nothing of the Keystone Mutual Casualty Company; nor that the appellant McCoy ever had liability insurance with this company.

In our opinion, the ruling of the trial court in excluding any reference to the Keystone Company was entirely correct. If the Keystone Company had not been dismissed from the action, its solvency or insolvency could not have affected the amount of the damage suffered by the plaintiff. Nor, if the appellant McCoy had attempted to show his insolvency, if any such insolvency existed, would this have been any proper defense. As heretofore remarked, the appellant Mc-

Coy does not question the amount of the verdict as being excessive. In overruling the motion for a new trial based on this ground, the trial judge soundly stated:

"Section 8511, Code 1942, as amended, to which reference has just been made, requires a common carrier using a motor vehicle or vehicles to procure and file with the Public Service Commission a policy of insurance or a surety bond with some casualty or surety company authorized to do business in this State, for the benefit of 'the public receiving personal injury by reason of any act of negligence, and for damage to property,' etc. It is therefore quite clear from the language of this section, and the true intent and meaning thereof, that the giving of this insurance does not in anywise relieve the common carrier himself from full liability for his actionable negligence resulting in personal injury or damage to property. Furthermore, it is provided in Section 487, Code 1942, that in a case like that now before the Court, 'the principal and his surety, whether on bond or insurance, may be joined in the same action and their liability shall be joint and concurrent.' (Emphasis added.) This section thus expressly states that the liability of the carrier and the insurance company is joint and concurrent, and consequently the insolvency of the insurance company could have no effect whatsoever on the liability of the carrier to one injured by his negligence, that is to say, his responsibility cannot thus be increased or diminished in any degree whatsoever. Hence the matter sought to be introduced by defendants is, in my opinion, manifestly irrelevant and incompetent."

It is finally urged by appellant that there was not sufficient evidence of negligence to warrant the verdict.

The evidence for the plaintiff tends to show that he was riding his bicycle down East Liberty Street to the rear of automobiles parked parallel with the curb, when he heard the vibration of appellant McCoy's truck and trailer approaching from behind him. No horn was blown or other warning

given. He thereupon rode as close to the parked cars as he could. The cab of the truck passed him, but some part of the trailer came in contact with the sleeve of his jacket pulling him under the truck. This, with other testimony in the case, which we need not narrate, was ample to warrant the verdict.

Judgment affirmed.

STUKES, TAYLOR, and OXNER, JJ., and STEVE C. GRIFFITH, Acting Associate Justice, concur.