## 17112

ROBERT B. WYNN, Respondent, v. H. RAY ROOD and
BERNARD HUNSINGER, Appellants

(91 S. E. (2d) 276)

578

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellants,*

*Messrs. Price & Poag,* of Greenville, *for Respondent,*

January 31, 1956.

OXNER, Justice.

This is an action to recover damages to person and property resulting from a collision between respondent's automobile and a truck and trailer owned by appellant H. Ray

Rood and operated by his employee, appellant Bernard Hunsinger, which occurred in Greenville County at approximately 1:00 A. M., on August 29, 1954, at or near the intersection of Highway No. 250, known as the White Horse Road, and Highway No. 123 By-Pass. The trial resulted in a verdict for respondent in the sum of $3,000.00.

The first question presented is whether the trial Judge erred in refusing appellants' motions for a nonsuit and a directed verdict upon the ground that respondent was guilty of contributory negligence as a matter of law.

Highway No. 250 is a through highway and at the place of the collision runs approximately north and south. The surface treated or traveled portion of the road is twenty feet wide. It is intersected at right angles by No. 123 By-Pass, which is principally used by motorists for the purpose of entering Highway No. 250. The truck, loaded with 30,-000 lbs of potatoes, was driven in a westerly direction along the by-pass. Before entering the intersection, the driver stopped and then proceeded to make a left turn so as to go south along Highway No. 250. Before entirely completing the turn, he stopped for the purpose of asking directions. When he stopped, the truck, headed south, was within the southbound lane of Highway No. 250 but the rear of the trailer extended five feet into the northbound lane of said highway. In other words, the rear of the trailer occupied about half of the traveled portion of the northbound lane. After the truck and trailer had been standing in this position for less than a minute, the automobile of respondent, which was being driven along Highway No. 250 in a northerly direction, collided with the left rear of the trailer.

The night was dark. Respondent lived on Highway No. 250 and was returning home. Although he knew the speed limit in this area was 35 miles an hour, he admitted that he was traveling at approximately 40 miles an hour. He testified that in approaching this intersection, he came around a curve and first observed the lights of the tractor

when he was 300 feet away. He then dimmed his lights and when within about 50 feet of the tractor noticed that the rear of the trailer was protruding into his side of the road. He immediately applied his brakes but before he could stop, the left front of his car collided with the left rear of the trailer. The marks on the pavement showed that he skidded a distance of 39 feet. His car was damaged beyond repair and he sustained painful personal injuries.

The accident was witnessed by two patrolmen who were sitting in highway cars near the intersection. One of them testified in part as follows:

"Q. Was his (respondent's) speed excessive? A. His speed wasn't excessive for the amount of traffic and road conditions, wasn't anything to attract your attention.

"Q. At the speed he was traveling, and with the trailer like it was could he have seen it before he was on the trailer? A. In my opinion, he couldn't."

Appellants raise no question as to negligence on the part of the driver of the truck. They seek to escape liability upon the ground that respondent was guilty of contributory negligence as a matter of law. This contention is largely based upon respondent's admission that he was traveling 40 miles per hour in a 35 mile speed zone. But we think the question of whether any negligence in this respect contributed as a proximate cause of respondent's injury and damage was properly submitted to the jury. *Coney v. Cox*, 165 S. C. 26, 162 S. E. 596, and cases therein cited. "It is firmly established in this jurisdiction that if the inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence or wilfulness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury." *Harrison v. Atlantic Coast Line R. Co.*, 196 S. C. 259, 13 S. E. (2d) 137, 141.

There is also some suggestion in the argument of counsel for appellants that respondent could have avoided the collision by driving to the right off the surface treated portion of the highway. Respondent testified that this could not be safely done on account of some posts standing to the right of the highway. Be that as it may, it was for the jury to determine whether in the sudden emergency which confronted him, respondent exercised ordinary care and judgment.

It is next contended that appellants were seriously prejudiced by the conduct of respondent's counsel in propounding improper questions to the highway patrolman and appellant Bernard Hunsinger, the driver of the truck, and that the Court should have ordered a mistrial.

After the highway patrolman, an eyewitness, had related on direct examination by respondent's counsel the details of the accident, the following occurred:

"Q. Did you make any charge against either of the parties?

"By Mr. Mann: My friend knows that is objectionable, that has been held time and again; and I move for a mistrial on that basis.

"The Court: It is harmless—against either party.

"By Mr. Price: I don't know of any cases where you can't ask if there was a charge; you can't go into the details.

"By the Court: Q. You say you made a charge? A. You want me to answer the question?

"The Court: If you did make a charge against either, I don't think it would be proper."

And on cross-examination by respondent's counsel of the driver of the truck, the record discloses the following:

"Q. If your trailer hadn't been out in the road he could have gone safely by? A. Yes, sir.

"Q. You talk about talking to people afterwards and going to this boy's home, had the highway patrolman told

you as a stranger he wouldn't arrest you but gave you a summons?

"By Mr. Mann: We object to that.

"By Mr. Price: I am not going into the details, I want to ask him if he didn't leave the community and has never responded to his summons.

"By Mr. Mann: I object to that and move the Court for a mistrial.

"The Court: No; disregard that, gentlemen."

We agree with appellants' counsel that the questions propounded in each instance were incompetent and the trial Judge properly so ruled. The fact that the patrolman may have preferred charges against the driver was irrelevant. Under the terms of Section 46-686 of the 1952 Code, even a conviction for violation of the statute regulating traffic on the highways is inadmissible. Nor do we see any relevancy in the inquiry as to whether the driver was given a summons instead of being arrested. It should also be stated that the comment of respondent's counsel with reference to the driver's failure to respond to the summons was improper. But it does not necessarily follow from the fact that incompetent questions are propounded to a witness that the Court must order a mistrial. It depends upon the circumstances.

"The general rule is that where the jury is cautioned and instructed to disregard the incompetent testimony, the judgment will ordinarily not be reversed. Usually, it is only where counsel persists in attempting to mislead and prejudice the jury by asking questions known to be out of order; or where a court of review can see that, notwithstanding the efforts of the presiding judge to remove the prejudicial effects of such conduct, an injury may have resulted to the other party, that a judgment should be reversed on that ground alone. Of course, where the damage done is ineradicable, the presence of good faith or inadvertence is of little moment. Necessarily, each case must be judged on its own

facts and circumstances." *McCrae v. McCoy*, 214 S. C. 343, 52 S. E. (2d) 403, 404.

It is well settled that the granting of a motion for a mistrial by reason of anything occurring during the trial of a case is in the sound discretion of the trial Judge, and his ruling thereabout will not be disturbed unless there has been an abuse of discretion. *McCrae v. McCoy, supra; Gordon v. Rothberg*, 213 S. C. 492, 50 S. E. (2d) 202; *Haselden v. Atlantic Coast Line R. Co.*, 214 S. C. 410, 53 S. E. (2d) 60; *Mock v. Atlantic Coast Line R. Co.*, 227 S. C. 245, 87 S. E. (2d) 830.

We do not think the trial Judge abused his discretion in refusing to order a mistrial. If the patrolman preferred charges against the driver of the truck, it could only mean that he concluded that there had been a violation of the traffic regulations. The statement of such conclusion could have had no influence on the jury because the patrolman had previously testified, in effect, that the driver violated the law in stopping his vehicle on the highway with the rear of the trailer protruding five feet into respondent's traffic lane. Nor do we think the question propounded to the driver with reference to the summons was so highly prejudicial as to necessitate a mistrial. Not to be overlooked in considering the question of probable prejudice from the incidents complained of is the fact that the overwhelming weight of the evidence shows a case of liability.

Error is assigned in refusing an instruction orally requested by appellants' counsel at the conclusion of the charge. The record does not disclose that the request embodied in this exception was made. It does show that appellants' counsel made an oral request to charge but of a different character. Of course, the record before us may not correctly show the phraseology of the oral request, but we are bound by it.

Finally, it is claimed that the verdict is excessive. There is no merit in this contention. The amount found by the jury is fully sustained by the evidence.

584

Affirmed.

STUKES, TAYLOR and LEGGE, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.