## 17169

A. NIMMER, Appellant, v. D. L. SKIPPER, Respondent

(93 S. E. (2d) 105)

*James Hugh McFaddin, Esq.,* of Manning, *for Appellant,*

*John G. Dinkins, Esq.,* of Manning, *for Respondent,*

May 28, 1956.

Moss, Justice.

The appellant instituted this action to recover damages for an alleged assault and battery committed upon him by the respondent. In the original complaint it was alleged, concerning the respondent, that "he having already killed one man with his bare fists". Upon motion duly made the quoted allegation of the complaint was stricken therefrom pursuant to Section 10-606 of the 1952 Code of Laws of South Carolina, which provides "if irrelevant or redundant matter be inserted in a pleading it may be stricken out on motion of any person aggrieved thereby." Thereafter an amended complaint was filed omitting the above quoted portion of the original complaint.

During the course of the trial and while the respondent was upon the stand and under cross examination by appel-

lant's counsel, the record shows the following questions, answers, objections and ruling of the court:

"Q. How many men ever spit in your face and lived to tell it, Mr. Skipper? A. There is a few—

Q. You killed a man for less—

Mr. Dinkins: I object to that.

The Court: Mr. Foreman and Gentlemen of the Jury, disregard that question. That has nothing to do with the issues in this case.

Mr. McFaddin: How many men ever spit—

Mr. Dinkins: Just a minute, Senator. If Your Honor pleases, it seems to me that the defendant would be entitled to an order of mistrial, would Your Honor excuse the jury a moment?

The Court: You have that in the record, I wouldn't grant it.

Mr. McFaddin: Did anybody else spit in your face—

The Court: No, sir, that is out.

Mr. McFaddin: I am sorry, I didn't catch Your Honor's ruling on that. I didn't mean to ask it."

It will be observed from the above quotation from the record that the Trial Judge refused to grant an order of mistrial and instructed the jury to disregard the questions propounded. A verdict was had for the appellant, and upon motion of the respondent the Trial Judge decided that he should have granted the motion for a mistrial when made for the reason that the foregoing questions brought to the attention of the jury matters that had been excluded upon motion made prior to trial and by objections made during the trial. He found that the question with reference to respondent having killed a man was prejudicially connected with the stricken allegation. A new trial was ordered by the Trial Judge.

The sole question for determination upon this appeal is whether the Trial Judge committed error in granting a new trial.

In the case of *Wynn v. Rood*, S. C., 91 S. E. (2d) 276, 279, this Court said:

" 'The general rule is that where the jury is cautioned and instructed to disregard the incompetent testimony, the judgment will ordinarily not be reversed. Usually, it is only where counsel persists in attempting to mislead and prejudice the jury by asking questions known to be out of order; or where a court of review can see that, notwithstanding the efforts of the presiding judge to remove the prejudicial effects of such conduct, an injury may have resulted to the other party, that a judgment should be reversed on that ground alone. Of course, where the damage done is ineradicable, the presence of good faith or inadvertence is of little moment. Necessarily, each case must be judged on its own facts and circumstances.' *McCrae v. McCoy*, 214 S. C. 343, 52 S. E. (2d) 403, 404."

"It is well settled that the granting of a motion for a mistrial by reason of anything occurring during the trial of a case is in the sound discretion of the trial Judge, and his ruling thereabout will not be disturbed unless there has been an abuse of discretion. *McCrae v. McCoy, supra; Gordon v. Rothberg*, 213 S. C. 492, 50 S. E. (2d) 202; *Haselden v. Atlantic Coast Line R. Co.*, 214 S. C. 410, 53 S. E. (2d) 60; *Mock v. Atlantic Coast Line R. Co.*, 227 S. C. 245, 87 S. E. (2d) 830."

The Trial Judge, in his order granting a new trial, says that the situation here is rather similar to that presented in the case of *Cox v. American Oil Co.*, 183 S. C. 519, 191 S. E. 704, 708, in which the Court said:

"The cardinal question in this case is this: May counsel, in the face of the rulings of the trial Judge limiting the issue to be tried to one special thing, by repeated and persistent examination of witnesses upon issues expressly excluded by the court, and overruled when offered, thus get before the jury the matter excluded?

"It is not a sufficient answer to this question to say that the trial judge has warned the jury not to consider the testimony thus attempted to be put before it.

"In this case plaintiffs, in their original complaint, attempted to interject the issue that defendant had entered into a conspiracy with other oil companies that such other oil companies should not sell to plaintiffs oils and greases; that in consequence of this alleged conspiracy plaintiffs had been unable to buy oil and greases from any other companies. Manifestly, the purpose of offering this testimony was to get to the jury the very things which had been excluded by the court. Yet counsel persisted, time after time, in offering it, and thus getting it into the record, despite the objection of counsel. In other words, although the court said he could not do it, he conveyed to the jury his contention that this corporation, by a conspiracy with other oil companies, had prevented plaintiffs from buying oils and greases from these companies."

And again:

"But when testimony manifestly incompetent and prejudicial is adduced for the purpose of having such testimony influence the jury, the party who adduces it will not be allowed to hold his verdict and assert that the court can do nothing against the unfair advantage of having the statement before the jury, beyond striking it out and instructing the jury to disregard it. In such case it does not lie in the mouth of the offending party to say that, although he has brought in irrelevant and prejudicial testimony, the court cannot entirely deprive him of the benefit of it. It makes no difference that defendant's counsel did not move to strike out the testimony. Had the motion been made and granted, the plaintiff would still have had the unfair advantage of having testimony before the jury which he ought not to have offered. Justice can be satisfied only by the complete relief of a new trial."

It is true that the Trial Judge says in his order that "counsel for plaintiff was not persistent in his questioning

as in the cited case, but his question as to having killed a man was prejudicially connected with the stricken allegation." The record also shows that counsel for the appellant stated "I didn't catch Your Honor's ruling on that. I didn't mean to ask it." This Court is sure that counsel, an honored and respected member of the Bar of this State, would not have deliberately violated the ruling of the Trial Judge, but what did take place may have prejudiced the jury against the respondent. We cannot say from the record that the inadvertence is of little moment because the jury had before it then the fact that the respondent had "killed a man." The good faith or inadvertence of appellant's counsel could not erase from the minds of the jury that the witness had taken the life of a fellow man.

It is our opinion that the Trial Judge, in the exercise of sound discretion, granted a new trial. His ruling in this respect is therefore affirmed.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, J.J., concur.