18071

The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant, v. W. K. SHARPE, Respondent

(131 S. E. (2d) 257)

*Messrs. Daniel R. McLeod, Attorney General, and J. McNary Spigner, Assistant Attorney General,* of Columbia, *and Francis R. Fant, and Paul K. Rogers,* of Anderson,

*Messrs. Watkins, Vandiver, Freeman & Kirven,* of Anderson, *for Respondent,*

*Messrs. Daniel R. McLeod, Attorney General, and J. McNary Spigner, Assistant Attorney General,* of Columbia, *and Francis R. Fant, and Paul K. Rogers,* of Anderson, *for Appellant, in Reply,*

May 16, 1963.

BUSSEY, Justice.

This is a highway condemnation case arising out of the acquisition in Anderson County of a portion of the right-of-way for the construction of the Interstate Highway designated as I-85. A trial *de novo* was held before his Honor Judge Spruill and a jury and upon this trial one of the attorneys for the landowner in his opening argument to the jury said:

"You should be fair to the landowner, to the state government, and to the Federal government."

Counsel for the Highway Department objected to the reference to the Federal government. Thereupon, in the presence of the jury, landowner's counsel, in an effort to justify his statement and without awaiting a ruling said:

"It is common knowledge that the Federal government pays nine tenths of the verdict in these cases."

Counsel for the Highway Department then repeated his objection and moved for a mistrial upon the ground that

remarks of counsel were prejudicial to the Department. This motion was argued in the absence of the jury and overruled, following which the trial judge fully instructed the jury that the remarks of counsel for the landowner were improper and that the jury should disregard them.

After verdict for the landowner, a motion for a new trial was made by the Highway Department on the same ground, and overruled. In his order overruling the motion for a new trial, the court, *inter alia,* had the following to say:

"When the jury was called back it was instructed that counsel's statement was improper and that the members of the jury should disabuse their minds of any such consideration.

"In view of the case of *Johnson v. South Carolina State Highway Department,* 236 S. C. 424, 114 S. E. (2d) 591, there seems to be no question that counsel's argument was improper."

The trial court then went on to point out that while the verdict was a liberal one, it was well within the limits justified by the testimony in behalf of the landowner, and that in the opinion of the trial court, the Highway Department had suffered no substantial prejudice by reason of counsel's statement.

The appellant, in support of its contention that the circuit judge should have ordered a mistrial, relies upon cases such as *Horsford v. Carolina Glass Co.,* 92 S. C. 236, 75 S. E. 533, wherein it has been repeatedly held that it is improper to bring to the attention of the jury the existence of liability insurance; arguing that it is just as prejudicial for it to be brought to the attention of the jury that the Federal government will participate in the payment of a verdict. Appellant also relies strongly on *Johnson v. South Carolina Highway Dept., supra.*

In the *Johnson case* the appellant landowner charged that the trial court committed error in refusing to allow evidence that the highway there involved was being financed by the

U. S. Government. The holding of this court was simply to uphold the ruling of the trial judge in excluding the proffered evidence, the court saying that the sole question for determination was what compensation, if any, the landowner was entitled to for the taking of his property. The court there also said that the source of the funds for the payment of the verdict in this case was not an issue in the trial. Thus it will be seen that while the *Johnson case* is authority for the proposition that the argument or statements of counsel here were improper, that case was not concerned with whether the disclosure of Federal participation would constitute such prejudicial error as to warrant or require declaring a mistrial.

The precise question as to whether disclosure of Federal participation is prejudicial was involved in the recent Georgia case of *State Highway Department v. J. A. Worley & Co.,* 103 Ga. App. 25, 118 S. E. (2d) 298, and we quote the following from the opinion in that case:

"The condemnor contends that the mention of the Federal government participating in the construction of the highway project automatically prejudiced the jury, and that they would therefore return a larger verdict than had the State alone been constructing the highway. Such argument is without merit for the jury consisted of taxpayers to both the State and Federal governments. Whether the State or the Federal government was paying the judgment it was still being paid out of tax money, tax money paid by the public. To hold that the mention of the Federal government was prejudicial would mean that in all cases where the Federal government acted as condemnee no fair trial could ever be had. This ground of the motion for new trial is without merit."

No other authority dealing with the precise question has been cited or come to our attention.

As to granting or denying a motion for a mistrial we quote the following from the case of *Wynn v. Rood,* 228 S. C. 577, 91 S. E. (2d) 276:

"It is well settled that the granting of a motion for a mistrial by reason of anything occurring during the trial of a case is in the sound discretion of the trial Judge, and his ruling thereabout will not be disturbed unless there has been an abuse of discretion."

See also cases of *Rogers v. Florence Printing Co.*, 233 S. C. 567, 106 S. E. (2d) 258; *McCrae v. McCoy*, 214 S. C. 343, 52 S. E. (2d) 403; *State v. Homewood*, 241 S. C. 231, 128 S. E. (2d) 98.

The question before us, therefore, becomes simply whether or not there was an abuse of discretion on the part of the trial judge in failing to order a mistrial. As pointed out in the case of *Bridges v. Wyandotte Worsted Co.*, 239 S. C. 37, 121 S. E. (2d) 300, and the many cases therein cited, the term "abuse of discretion" has no opprobious implication and means nothing more or less than that the ruling of the trial court was without reasonable factual support, resulted in prejudice to the rights of the appellant, and, therefore, in the circumstances, amounted to an error of law.

There is no contention before us that the verdict of jury here was excessive, and nothing else to show any prejudice to the Department other than the contention that the mere mention of the fact and extent of Federal participation was *ipso facto* prejudicial as a matter of law. We agree with the conclusion arrived at by the Georgia Court in the case of *State Highway Department v. J. A. Worley & Co., supra,* that the mere mention of Federal participation is not automatically prejudicial as a matter of law. On the other hand, Federal participation, or the extent thereof, is not an issue in a case such as this and the injection thereof into the case by counsel was improper. Such should be scrupulously avoided because it is quite possible for such to be injected in such a manner as to constitute prejudice and require the granting of a mistrial or a new trial.

Here, however, we think the trial judge correctly concluded that there was no prejudice, even though the statements by counsel were improper. The entire colloquy between counsel resulted from a relatively simple request to the jury by counsel for the landowner for fairness to all parties directly concerned or indirectly affected. The judge promptly excused the jury and, upon their recall, fully and properly instructed them to disregard the improper remarks of counsel.

Under all of the circumstances, we fail to see where there was an abuse of discretion on the part of the trial judge, amounting to an error of law, in failing to order a mistrial or to thereafter order a new trial.

The only other question presented by this appeal is whether or not the landowner is entitled to interest on the verdict or the judgment entered thereon. This question has been decided adversely to the landowner in the case of *South Carolina State Highway Department v. Schrimpf,* (S. C.) 131 S. E. (2d) 44.

Affirmed, without interest.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.