20166

The CITY OF SPARTANBURG, Respondent, v. Dr. J. C. BULL and Vastyne Whaley Pettis (formerly Vastyne Whaley), Appellants.

(222 S. E. (2d) 491)

*Claude R. Dunbar, Esq.,* of Spartanburg, *for Appellants,*

*T. E. Walsh, Esq.,* of Spartanburg, *for Respondent,*

*Claude R. Dunbar, Esq.,* of Spartanburg, *for Appellants,* in Reply.

February 5, 1976.

LEWIS, Chief Justice.

This is an appeal from an order of the trial court fixing an attorney's fee pursuant to Act No. 330, page 460, 1967 Acts of the General Assembly (Section 36-652, Code Supplement). The question to be decided is whether the fee allowed by the court was so inadequate as to constitute an abuse of discretion.

The General Assembly enacted the foregoing statute, in order to implement Article 1, Section 17 of the Constitution of 1895, so as to confirm the authority of municipalities in Spartanburg County to acquire, through the exercise of eminent domain, private property for urban renewal and slum clearance projects and to resell or lease the property so acquired to private persons. Section 6 of the foregoing statute provides for the allowance of an attorney's fee to the landowner in such cases when an appeal from the award of the Board of Condemnation results in an increased payment to the landowner. This section provides:

"When any property acquired through condemnation is intended to be resold or leased for private purposes to private persons the landowner may be allowed a reasonable attorney's fee in connection with any appeal which he may take from the Award of the Board of Condemnation as provided hereinafter. Such attorney's fee, which shall be fixed by the judge of the court of common pleas, shall be measured by the amount of increase awarded above the amount of the Award of the Board of Condemnation, and shall be taxed as a part of the court costs to be paid by the municipality. No attorney's fee shall be awarded unless the jury shall grant an increase over the award of the Board of Condemnation and such attorney's fee shall not exceed the minimum fee prescribed by the Spartanburg County Bar Association fee schedule."

After the institution of condemnation proceedings against the landowners-appellants for the acquisition of two adjacent parcels of their land, a Board of Condemnation made an award to the landowners in the amount of $107,500.00 which, upon appeal, was increased by a jury verdict to $128,000.00. No appeal was taken from this verdict.

After the jury verdict, the landowners petitioned the trial judge, pursuant to the above quoted section, for an allowance of $10,250.00 as an attorney's fee, which was 50% of the increase awarded by the jury. The landowners contended that this amount accorded with their contract of employment with their attorney and the last fee schedule of the Spartanburg County Bar, and was a reasonable fee under the circumstances. The trial judge refused to set a fee in the requested amount, but did enter an order allowing the sum of $3,000.00, from which this appeal comes.

While the schedule of minimum fees prescribed by the Spartanburg County Bar Association was abolished in 1972, the last schedule of minimum fees would have determined maximum fee allowable under the statute to be 50% of the

increase allowed by the jury verdict, or the sum of $10,-250.00. The only testimony offered from any member of the Spartanburg Bar was that a fee of $10,250.00 would be reasonable. In fact, it is uncontradicted in this record that a fee of $10,250.00 is in line with the fee customarily charged in Spartanburg County for similar services, and the landowners contracted with their attorney to pay that amount.

The fee of $3,000.00, awarded by the trial judge, was less than 15% of the increase obtained. While it may be conceded that the fee, in the amount requested, should not have been allowed, we find no basis upon which to sustain the discretionary conclusion that counsel's services in this case were so far below the value of other similar services in the community.

The judgment is accordingly reversed and remanded for further determination of the fee to be allowed.

LITTLEJOHN and GREGORY, JJ., concur.

NESS and RHODES, JJ., dissent.

RHODES, Justice (dissenting):

The question on this appeal is whether the attorney's fee fixed by the trial court under authority of an *eminent domain* statute[1] unique to Spartanburg County, constitutes an abuse of discretion on the ground of inadequacy. I conclude the trial court did not abuse its discretion and would affirm its order.

The City of Spartanburg-respondent instituted condemnation proceedings against the landowners-appellants to acquire ownership of two adjacent parcels of real estate. The landowners appealed the award of the Board of Condemnation in the amount of $107,500.00 to the Court of Common Pleas and the jury increased the award to $128,000.00. There has been no appeal from this verdict.

---

[1] S. C. Code § 36-652 (1962) (No. 830 [1967] S. C. Acts & Jt. Res. 460.)

After the jury verdict, the landowners filed a verified petition with the trial judge pursuant to Section 6 of the above referenced statute praying they be awarded an attorney's fee in the amount of $10,250.00. The petition was accompanied by the affidavit of a member of the Spartanburg Bar stating that in his professional opinion the fee requested was reasonable. No return or counter affidavits were filed by the City. The trial judge awarded a fee in the amount of $3,000.00, and hence, this appeal.

Section 6 of the statute, quoted in the majority opinion, required the trial judge to set a fee for the landowners' attorney in such reasonable amount as his discretion dictated within the limitations and conditions imposed by its language. In reaching his decision there is no specific minimum fee with which he must comply, and the maximum fee allowable is the minimum fee prescribed by the Spartanburg County Bar Association fee schedule. Essential to the award of any fee is that the jury verdict must exceed the award of the Board of Condemnation and the fee shall be measured by such excess.

I find nothing in the record that would warrant a finding that the trial judge failed to consider any of the above stated statutory limitations on his discretion. The reference to the Spartanburg County Bar minimum fee schedule is clearly intended as a ceiling upon the exercise of discretion rather than a mandate that the fee be set in accordance with same.[2] The phrase requiring the fee to be "measured by the amount of increase" between the board's award and the jury's verdict requires that the fee not be disproportionate to the amount of the increase. While such increase is a factor to be considered in the exercise of sound judicial discretion, it is no more than this. That the trial judge took such increase into account is exemplified by

[2] The last applicable minimum fee schedule was enacted by the Spartanburg County Bar Association in 1969 and repealed in 1972. There is currently no minimum fee schedule in existence.

the fact that in his order he computes the amount of the increase.

Thus, having found that no specific statutory limitations on his discretion were breached, the matter resolves itself into the single question of whether the attorney's fee of $3,000.00 set by the trial judge was of such inadequacy as to constitute an abuse of discretion when analyzed in the context of well-established principles of law governing the exercise of such discretion.

The term "abuse of discretion" has no disparaging implication and means only "that the ruling of the trial court was without reasonable factual support, resulted in prejudice to the rights of the appellant, and, therefore, in the circumstances, amounted to an error of law." *South Carolina Highway Department v. Sharpe,* 242 S. C. 397, 131 S. E. (2d) 257 (1963).

I quote from the order of the trial judge as follows:

"Having tried the case, it was obvious that no novel or unusual questions of law or fact were involved. The case involved a clear cut question of fact for jury determination; *i. e.,* the value of the landowners' property. It involved about one day's trial time which extended into two days. The landowners' case was well presented by their attorneys."

The trial judge further stated in his order that he had taken into consideration those factors set forth in the Code of Professional Responsibility.[3] The consideration of such factors by the trial judge was appropriate.

The landowners take exception to the finding of the trial judge that there were no novel or unusual questions of law or fact involved in the case. I have closely examined the contention of the landowners in this regard and concur in the assessment made by the trial judge. Neither the verified petition nor the supporting affidavit states with any degree

[3] See Dr 2-106 adopted under Rule 32 of the Rules of this Court for an enumeration of factors to be considered as guides in determining the reasonableness of attorney's fees.

of certainty the amount of time spent in preparing the case for trial. These facts being exclusively within the knowledge of the landowners and/or their attorney, they may not be properly now heard to complain that such was extraordinarily time-consuming.

The landowners contend that the trial judge erred in not setting the fee in accordance with the contractual agreement existing between them and their attorney. This agreement is used as the basis for arriving at the $10,250.00 fee claimed by them. The patent answer to this argument is that the language of the statute does not so arbitrarily confine the exercise of his discretion.

Before this Court is authorized to hold that the judgment of the lower court was the result of an abuse of discretion, there must be a showing that the conclusions reached were without reasonable factual support and, therefore, in the circumstances amounted to an error of law. *South Carolina Highway Department v. Sharpe, supra.* The exercise of discretion in this case involved mainly factual considerations and appropriate weight must be given to the fact that the trial judge presided over the trial, set this fee shortly after its conclusion, and was thus peculiarly qualified to assess the proper fee.

The finding of the trial judge that experienced counsel ably represented his clients in this matter is not in dispute. The mere fact that this Court may have set a larger fee does not establish an abuse of sound judicial discretion. In the recent case of *Darden v. Witham,* 263 S. C. 183, 209 S. E. (2d) 42 (1974), involving the issue of excessiveness of a fee set by the lower court, this Court stated:

" 'A reviewing court is never justified in substituting its discretion for that of the trial court; in determining whether the lower court has abused its discretion, the question is not whether the reviewing court agrees with the court below, but, rather whether it believes that a judicial mind,

in view of the relevant rules of law applicable to the particular case and on due consideration of all the circumstances, could reasonably have reached the conclusion of the court below, of which complaint is made.' " Quoting from 5A C. I. S. Appeal and Error, Section 1583b (1958).

I would affirm.

NESS, J., concurs.