J. J. Swan, Appellee, v. A. A. Philleo et al., Appellants.

EVIDENCE: Documentary Evidence—Conclusiveness of Criminal Judgment in Civil Case. A judgment of conviction in a criminal case, based on a recital by defendant of a plea of guilty, is admissible in a civil action involving the same transaction, but does not *conclusively* establish defendant's guilt.

*Appeal from Des Moines Municipal Court.*—O. S. Franklin, Judge.

November 14, 1922.

Action for damages growing out of an automobile collision. Verdict and judgment for plaintiff, and defendants appeal.— *Reversed.*

*Miller, Kelly, Shuttleworth & Seeburger,* for appellants.

*Frank H. Dewey,* for appellee.

Stevens, C. J.—I. Des Moines and East Eleventh Streets intersect and cross each other at right angles, in the city of Des Moines. About 6:30 P. M., August 28, 1919, a collision between an Oldsmobile car, owned by the plaintiff and being driven by one Crouse, and a Hudson Six, owned by the appellant Philleo and driven by Bernstein, who were engaged in a partnership enterprise, collided near, but a trifle south of, the southwest corner of said intersection.

This action was brought by appellee, the owner of the car driven by Crouse, for damages caused thereto by the collision. Although appellants, in argument, contend that the proximate cause of the collision was the negligence of the driver of plaintiff's car, and that the court committed error in failing and refusing to submit an instruction upon the last clear chance doctrine, we do not deem it necessary to make a further statement of the record. We have examined it with care, and unite

in the opinion that appellants' motion for a directed verdict upon the ground of contributory negligence was properly overruled, and that the evidence did not justify the submission of an instruction upon the theory of the last clear chance.

II.   Appellee, upon the trial, offered the record of the municipal court of the city of Des Moines, showing a plea by Bernstein of guilty to a charge of reckless and imprudent driving of an automobile, at the time and on the occasion of the collision. This record was received in evidence over the timely objection of appellant Bernstein, who, in turn, offered to prove that he did not appear or enter a plea of guilty to the charge of reckless and imprudent driving, and that he did not authorize a plea of guilty to be entered against him.   This testimony was excluded, upon objection of appellee, and appellant Bernstein was not permitted to make any denial or explanation of his alleged plea of guilty.   The docket also showed that he paid a fine of $25.   The court permitted him to testify that he neither paid nor authorized anyone to pay a fine for him.

The docket showing a plea of guilty was admissible in evidence, upon the ground that such plea is in the nature of an admission; but the rule is well established that the record in such case is conclusive only therein, and, in so far as it imports an admission on the part of the defendant, is open to denial or explanation, when offered against him in a civil action for damages. *Root v. Sturdivant*, 70 Iowa 55; *Crawford v. Bergen*, 91 Iowa 675; *Jones v. Cooper*, 97 Iowa 735; *Hauser v. Griffith*, 102 Iowa 215; *Spain v. Oregon-Washington R. & N. Co.*, 78 Ore. 355 (153 Pac. 470); *Risdon v. Yates*, 145 Cal. 210 (78 Pac. 641); *Wesnieski v. Vanek*, (Neb.) 99 N. W. 258; *Satham v. Muffle*, 23 N. D. 63 (135 N. W. 797); *Schreiner v. High Court*, 35 Ill. App. 576; *Rudolph v. Landwerlen*, 92 Ind. 34; *Karlen v. Hadinger*, 147 Wis. 78 (132 N. W. 591); *Hendle v. Geiler*, (Del.) 50 Atl. 632; *Albrecht v. State*, 62 Miss. 516; Freeman on Judgments (4th Ed.), Section 319; Black on Judgments (2d Ed.), Section 529.

It is true that a few courts hold that the judgment in a criminal case is conclusive, and not subject to collateral attack when offered in evidence in a civil action; but the rule of this state, as stated above, is in harmony with the weight of authority,

which is supported by the better reason. Counsel for appellee contend for a different construction of our holding in *Root v. Sturdivant,* supra, and *Hauser v. Griffith,* supra. We held, in *Root v. Sturdivant,* which was an action for damages for malicious assault, that the docket of a justice of the peace, showing an entry of a plea of guilty, was admissible in evidence, but that statements made by the defendant in the criminal prosecution, at the time the plea was entered, explanatory thereof and of the reasons therefor, were inadmissible. Such statements were on a par with similar statements, if made, at any other time or place, and, of course, were not admissible in evidence. The holding in *Hauser v. Griffith* is to the same effect. For the error of the court in refusing to allow appellant Bernstein to controvert or explain the plea of guilty in the prosecution in the name of the city, the judgment of the court below must be reversed.

III. A witness was permitted, over appellants' objection, to detail a conversation had with Philleo. The objection to this testimony was that it was part of an offer of compromise. If so, it should not have been received. The question of the admissibility of this evidence is a close one, and it may be assumed that the question here presented will not arise upon a retrial of the case. Doubtless, it was admitted by the court upon the theory that the statements claimed to have been made by the appellant Philleo were in the nature of admissions.

Other questions discussed by counsel do not call for consideration. For the reasons stated above, the judgment of the court below is—*Reversed.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.