FRANKIE TUTHILL, Guardian, Appellee, v. FLOYD ALDEN,
Appellant.

No. 47160.

(Reported in 30 N. W. 2d 726)

182

FEBRUARY 10, 1948.

Breese & Cornwell, of Mason City, for appellant.

Westfall, Laird & Burington, of Mason City, for appellee.

OLIVER, J.—South Federal Avenue is a north-and-south paved street in Mason City. Thirteenth Street is a cross street which runs east but not west from South Federal.

In the forenoon of June 6, 1946, Richard Tuthill, age thirteen, was returning home from an errand, riding his bicycle. He testified he approached the intersection of Thirteenth Street and South Federal Avenue from the west, dismounted and pushed his bicycle up an incline and along a path to the west curb of Federal about opposite the south curb of Thirteenth. There he remounted his bicycle and looked north and south for approaching cars. He was not certain whether he saw any cars but if he did they were not near and he thought he had ample time to cross Federal Avenue. He was going to ride east across Federal and on the sidewalk along the south side of Thirteenth. He does not know what happened—he was about half way across Federal, perhaps a little more. When he regained consciousness he was lying on the pavement on Federal about one hundred fifty feet north of the intersection. He does not remember getting hit or hearing any noise.

A witness testified he heard a crash, looked and saw Richard lying on the right front fender of defendant's automobile which was traveling north on Federal at about twenty-five or thirty miles per hour. The rear end of the car had not passed the north curb line of the Thirteenth Street and South Federal Avenue intersection when the witness first saw it after the crash. Richard fell off the fender about one hundred fifty feet

north of the intersection. After his body fell from it the car continued north about one hundred fifty feet before it stopped.

Another witness, a girl of sixteen who lived immediately south of the intersection of Thirteenth Street and South Federal Avenue, testified she saw Richard approach the intersection and ride his bicycle east across Federal Avenue to the middle or east side. She saw defendant's automobile pass, heard the crash, looked and saw Richard lying on the hood of the speeding car. She fixed its speed at thirty-five miles per hour. She did not see Richard fall from the hood but later saw him lying upon the pavement about one hundred fifty feet north of the intersection.

An officer who tested the brakes on defendant's car at the scene of the accident testified they were in poor condition—"The brakes went clear down to the floor board, when they got down to the floor board, there was a slight drag there." Defendant told him he had been too busy to have the brakes cared for. Defendant's car was taken to the police station and he was required to have the brakes repaired. Defendant pleaded guilty to a charge of Careless Driving, arising out of the accident.

Defendant's version of the accident was that Richard was riding south on Federal and turned his bicycle into the path of defendant's northbound car about eighty to one hundred feet north of the Thirteenth Street and South Federal Avenue intersection. It is conceded there was evidence of defendant's excessive speed, failure to have his car under control and reduce its speed to a reasonable and proper rate when entering and traversing an intersection and failure to have proper brakes.

I. However, defendant contends the evidence fails to show any of these negligent acts or omissions was the proximate cause of the accident and that the court erred in overruling his motions for directed verdict. Reliance is placed upon cases in which a child unexpectedly darted from a concealed place into the path of a vehicle. Defendant's contention overlooks the rule that in considering motions for directed verdict the evidence for the opposing party will be considered in its most favorable light.

In this case the evidence warranted a finding by the

jury that the thirteen-year-old boy was continuously visible to defendant while the automobile driven by the latter traveled a considerable distance to the intersection and that it was apparent the child was preparing to cross and thereafter was in the act of crossing South Federal Avenue at said intersection. It was defendant's duty to reduce the speed of his automobile and have such control thereof as to avoid coming into contact with such child. Webster v. Luckow, 219 Iowa 1048, 258 N. W. 685; Kallansrud v. Libbey, 234 Iowa 700, 703, 13 N. W. 2d 684; Schlotterbeck v. Anderson, 238 Iowa 208, 26 N. W. 2d 340. Under the circumstances, speed, lack of control and inadequate brakes were so interrelated that the jury could properly have found one or more or a combination of all of them was the proximate cause of the accident. See Schlotterbeck v. Anderson, supra.

Nor would the fact that witnesses for plaintiff did not see the child at the split second when he was struck entitle defendant to a directed verdict. The circumstances shown in the record were ample to support the verdict for plaintiff.

■ II. One specification of negligence pleaded by plaintiff was defendant's failure to keep a proper lookout. The court submitted this issue to the jury. It is contended there was no evidence to warrant such instruction. With this conclusion we cannot agree. Defendant testified he did not continue to observe Richard, was not paying any attention to the boy and did not see him until the boy was directly in front of the car. This warranted the instruction. Davidson v. Vast, 233 Iowa 534, 537, 10 N. W. 2d 12.

■ III. Defendant pleaded that Richard, traveling south, turned his bicycle to the east into the path of defendant's northbound car a short distance north of the intersection. Defendant's witnesses placed this distance at about eighty to one hundred feet north of the intersection. The court instructed the jury concerning the statute requiring vehicles (including bicycles), in cities and towns, to travel on the right-hand side of the center of the street at all times except at regular intersections. Sections 321.297 and 321.234, Code of 1946. Defendant complains of the refusal to instruct also upon the statute

involving turning at intersections which provides an "approach" for a left turn shall be made in * * * the right half of the roadway * * *." Section 321.311, Code of 1946. Although there was some evidence to support defendant's theory that Richard was not traveling on the right side of the center of the street, there was no evidence that in so doing he was making an approach for a left turn. It follows that the refusal of the requested instruction was proper. Tharp v. Rees, 224 Iowa 962, 964, 277 N. W. 758.

IV. Plaintiff offered proof of defendant's plea of guilty to the charge of Careless Driving. Defendant concedes such proof was relevant. Swan v. Philleo, 194 Iowa 790, 190 N. W. 406. The INFORMATION which was placed in evidence, contained the following notation: "Fined $50.00 and Costs $3.85 as per order of the Court——PAID." Defendant asserts this was prejudicial. No specific objection to the notation was made when the Information was admitted in evidence. Moreover, defendant himself, on direct examination, testified he was fined and paid the fine. No reversible error appears here.

V. In cross-examination defendant was asked whether he had stated in substance to Clara Tuthill that he had not had brakes for some two weeks and had been meaning to have them fixed, or words to that effect. Defendant denied any conversation with her about his brakes. On rebuttal counsel for plaintiff asked Clara Tuthill to state what he said and what she said about his brakes. Defendant's objection—incompetent, immaterial and irrelevant—was overruled. She answered, "Well, he told me that he should have had his brakes fixed two weeks before he did, but he hadn't——was awfully busy."

Defendant complains the form of the question asked Clara Tuthill was incorrect in that it was not the same as the foundation question asked defendant. The objection made in the trial court did not raise this question and it will not be considered upon appeal. Moreover, her answer was substantially the same as the foundation question. It may be noted defendant's statement was an admission by a party to the action and would have been competent as original evidence. Rhomberg v. Avenarious,

135 Iowa 176, 178, 179, 112 N. W. 548; Streblow v. Sylvester, 195 Iowa 168, 170, 191 N. W. 788; 31 C. J. S., Evidence, sections 273, 372.—Affirmed.

MULRONEY, C. J., and BLISS, HALE, GARFIELD, MANTZ, SMITH, and HAYS, JJ., concur.