MARIA MATHEWS, appellee, v. MICHAEL F. BEYER and CLARENCE N. BEYER, appellants.

No. 50685.

(Reported in 116 N.W.2d 477)

JULY 24, 1962.

Leighton A. Wederath, of Carroll, and Rider, Bastian & Beisser, of Fort Dodge, for appellants.

Wunschel & Schechtman, of Carroll, for appellee.

GARFIELD, C. J.—This is a law action to recover for personal injuries to plaintiff from an automobile accident on U. S. Highway 30 near Carroll, Iowa, about 5 p.m., December 4, 1960. Following trial there was a judgment on jury verdict for plaintiff from which defendants appeal. Hereinafter, for convenience we disregard the fact Michael F. Beyer, owner of the car his brother Clarence was driving with the former's consent, was joined as a defendant—Clarence will be treated as sole defendant.

Plaintiff was a front seat passenger in a 1952 Plymouth car owned and driven by her husband. It was traveling west following the Beyer 1949 Chevrolet. Defendant, who lived at the southeast corner of the intersection of Highway 30 and a north-and-south road, desired to turn left to get to his home. An automobile and truck were approaching the intersection on Highway 30 from the west. Defendant testifies he did not think he could make a left turn in front of this oncoming traffic and started to pull over toward the right shoulder of the paved highway. Plaintiff's husband says defendant stopped right on the highway, blocking his lane, Mathews "hit his brakes right away" to avoid striking defendant's car, skidded to the left and collided with the eastbound automobile of one Ronald Menough.

The trial court submitted two charges of negligence against defendant: failing to (1) maintain a proper lookout for other

vehicles using the highway, and (2) give a proper signal indicating his intention to make a turn continuously during the last 100 feet traveled by the vehicle before making a turn.

I. We find no merit in defendant's first assigned error based on overruling his motion for judgment notwithstanding the verdict because of claimed insufficient evidence that defendant's actions were the proximate cause of the accident and plaintiff was free from contributory negligence.

Of course in considering this assigned error it is our duty to view the evidence in the light most favorable to plaintiff.

It is argued Mathews was negligent in driving his car at a speed greater than would permit him to bring it to a stop within the assured clear distance ahead, in violation of section 321.285, Code, 1958. However, Mathews had a right to assume until he knew, or in the exercise of reasonable care should have known, otherwise that other motorists would observe the law and exercise reasonable care. Specifically, Mathews had a right to assume defendant would not turn at the intersection or stop or suddenly decrease his speed upon the highway without giving a signal as required by Code sections 321.314–321.318.

Further, if defendant suddenly stopped or decreased his speed in Mathews' path without giving a proper signal the jury might find Mathews was thereby confronted by an emergency not of his own making which constituted a legal excuse for his violation of any statute defendant has invoked against him.

See in support of the views just stated Mongar v. Barnard, 248 Iowa 899, 905, 82 N.W.2d 765, 769, 770, and citations; Harris v. Clark, 251 Iowa 807, 103 N.W.2d 215, and citations; Bunch v. Hanson, 251 Iowa 1097, 1107–1109, 104 N.W.2d 581, 586, 587, and citations; "Intersection Accidents in Iowa", 10 Drake Law Review 111, 120–123. See also Pinckney v. Watkinson, 254 Iowa 144, 116 N.W.2d 258.

Mathews' right to assume defendant would comply with the law has an important bearing on the question whether the former was negligent. Of course this does not mean Mathews was not negligent merely because defendant was negligent. Bannister v. Dale, 252 Iowa 1031, 1035, 109 N.W.2d 626, 629, and citations.

It was for the jury to decide whether Mathews violated Code section 321.288 in not having his car under control or re-

ducing its speed to a reasonable and proper rate when approaching the intersection, or section 321.307 in following defendant's car more closely than was reasonable and proper. Also whether, as above indicated, if there was such violation, defendant's conduct constituted a sudden emergency which furnished Mathews a legal excuse for the violation. See citations supra.

II. Further, the negligence of Mathews, if there was such, would not constitute a defense unless it was the sole proximate cause of the accident. That each person whose negligence concurs or combines to cause injury to another is liable therefor is so well settled citations for the proposition are hardly necessary. See, however, Law v. Hemmingsen, 249 Iowa 820, 826, 89 N.W.2d 386, 391, and citations; Paulsen v. Haker, 250 Iowa 532, 536, 95 N.W.2d 47, 50; Lockwood v. Wiltgen, 251 Iowa 484, 489–492, 101 N.W.2d 724, 728, 729, and citations.

The question whether Mathews' negligence, if any, was the sole proximate cause was for the jury, not the court. In Chicago & N. W. Ry. Co. v. Chicago, R. I. & P. R. Co. (D. C., N. D. Iowa), 179 F. Supp. 33, 55, Judge Graven says, from a review of our pertinent cases, this court "has in its recent decisions tended to emphasize that questions as to proximate cause * * * and concurrent negligence are peculiarly questions for the trier of facts." Lockwood v. Wiltgen, supra, indicates agreement with the quoted statement.

III. There was sufficient evidence to warrant submitting to the jury the two charges of negligence against defendant which were submitted—failure to maintain a proper lookout for other vehicles, and (2) to give a proper signal of his intention to turn.

Keeping a proper lookout is not a statutory duty in Iowa but motorists have a common-law duty to exercise ordinary care under the circumstances in maintaining a lookout. Miller v. Stender, 251 Iowa 123, 129, 98 N.W.2d 338, 342, and citations; Mongar v. Barnard, supra, 248 Iowa 899, 904, 905, 82 N.W.2d 765, 769, and citations; Cunningham v. Court, 248 Iowa 654, 660, 661, 82 N.W.2d 292, 296, and citations.

Defendant admits he was aware a car was following him. Such awareness did not necessarily satisfy defendant's duty in maintaining a lookout. Proper lookout means more than seeing the object. It implies being watchful of the movements of

the driver's own vehicle as well as the movements of the thing seen or seeable. It involves the care, watchfulness and attention of the ordinarily prudent person under the circumstances. Wiese v. Hoffman, 249 Iowa 416, 423, 86 N.W.2d 861, 865, 866; Olson v. Truax, 250 Iowa 1040, 1048, 97 N.W.2d 900, 905; Kuehn v. Jenkins, 251 Iowa 718, 725, 726, 100 N.W.2d 610, 614, 615, and citations in these cases.

We have said several times that turning in front of an oncoming car is evidence of failure to keep a proper lookout. Hamdorf v. Corrie, 251 Iowa 896, 911, 912, 101 N.W.2d 836, 845, and citations. We have also held a jury question on lookout is presented where a motorist turns left in front of a car approaching closely from the rear. Cunningham v. Court, supra, 248 Iowa 654, 661, 82 N.W.2d 292, 296.

Code section 321.314 required defendant to give an appropriate signal of his intention to turn his car in the event any other vehicle might be affected by such movement. Such signal might be given by hand and arm in the manner provided by section 321.318 or by directional signal device or light of a type approved by the department of public safety (section 321.317). Defendant does not claim he gave such a signal. Mathews and Menough testify they saw none. Defendant does say he gave a signal by opening his left car door. Such a signal does not comply with our statutory requirements. It was not error to submit to the jury the second charge of negligence against defendant. Cunningham v. Court, supra. See also Weber v. Hansen, 241 Iowa 904, 43 N.W.2d 766; Harrington v. Fortman, 233 Iowa 92, 8 N.W.2d 713.

IV. The jury could properly find plaintiff was free from contributory negligence. It is of course true she was required to make an affirmative showing of her freedom from such negligence. Proof thereof might be circumstantial as well as direct. Beezley v. Kleinholtz, 251 Iowa 133, 135, 100 N.W.2d 105, 107, and citations.

Plaintiff was born and reared in Germany and came to the United States less than a year and nine months before the accident. She had no interest in the automobile. She did not know how to drive. She did not read road signs or maps "very good."

She was not feeling well the day of the accident and was leaning back against the front seat with her eyes closed but was not asleep. She, her husband—a member of the United States Army —and a little child were traveling from a fort in Virginia to Seattle on their way to a station in Alaska. Just what plaintiff could or should have done to prevent this accident or what she did or failed to do that would constitute contributory negligence, as a matter of law, is not apparent. See Lockwood v. Wiltgen, supra, 251 Iowa 484, 489, 101 N.W.2d 724, 727, 728, and citations.

■■■ Defendant's argument that Mathews' claimed negligence is imputed to plaintiff because, it is said, they were engaged in a joint enterprise of moving from one part of the country to another is without merit. Before the husband's negligence could be imputed to plaintiff on the theory of joint enterprise there must be some evidence she had the right to control in some manner the operation of the automobile. Russell v. Chicago, R. I. & P. R. Co., 251 Iowa 839, 845, 846, 102 N.W.2d 881, 886, and citations; Lockwood v. Wiltgen, supra, and citations; Case Note 9 Drake Law Review 48, 49, 50, and citations in footnotes. There is no such evidence. Indeed it appears plaintiff lacked the ability to exercise any control over operation of the car.

V. Defendant's other assigned error is that the following testimony of plaintiff's witness W. J. Schmich was in violation of section 321.489, Code, 1958, which reads: "No record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action."

This is all the evidence of the witness Schmich which the jury heard:

"Q. On the 16th of December, 1960, was Clarence Beyer before you in your office? A. Right.

"Mr. Bastian [defendant's counsel]: This is objected to as incompetent, irrelevant and immaterial, not permitted under the statutes; contrary to the law; prejudicial.

"The Court: I will let the objection precede every question. I will overrule it.

"Q. Did you at that time have any conversation with Mr.

Beyer in regard to taillights on the automobile he was driving on December 4, 1960. Just answer yes or no. A. Yes.

"Q. What was that conversation?

"Mr. Bastian: This is objected, self-serving, irrelevant, immaterial, incompetent, a violation of the statute.

"The Court: Overruled.

"A. I told him and advised him what he was charged with and he started to tell me that the only violation he had was he had a bad taillight.

"The Court: I will say to the jury there will be a specific instruction on this. It is only to be considered as an admission against interest."

The court instructed the jury as part of its written instructions that the evidence of Schmich was to be considered only as an admission against interest on the part of defendant and must not be considered in any other way.

 We may observe that defendant's objection to the first of the three questions asked witness Schmich was not made until after the question was answered and no excuse was offered for the delay. It was not claimed the answer was given before there was opportunity to object. The objection might well have been overruled on the ground it was not timely. Kuiken v. Garrett, 243 Iowa 785, 804, 51 N.W.2d 149, 160, 41 A. L. R.2d 1397; Lowman v. Kuecker, 246 Iowa 1227, 1230, 1231, 71 N.W.2d 586, 588, 589, 52 A. L. R.2d 1380; Ver Steegh v. Flaugh, 251 Iowa 1011, 1017, 103 N.W.2d 718, 722, and citations in these cases.

Before Schmich testified, State Highway Patrolman Hanson who investigated the accident testified for plaintiff without objection that he inspected the Beyer car at defendant's home and "It did not have brake lights or left rear taillights. It had a right rear taillight. It did not have any mechanical turn signals."

Defendant as a witness for himself on direct examination said: "When I went back home * * * the patrolman came there. The lights on my car were checked, I had two headlights, a taillight on the right side and license identification lights. * * * After I checked the left rear taillight I found the bulb had

burned out. When I replaced it with a new bulb the light worked." On cross-examination defendant testified without objection, "My left taillight wasn't working. I heard the testimony of Mr. Hanson that the brake lights were not working * * *. That I didn't know. They checked the lights and told me I had no lights on the left side, put the bulb in the left side and checked all the lights and they worked."

 Thus it appeared without dispute by testimony of the patrolman and defendant himself that his left rear taillight was not working. The testimony of Schmich was therefore cumulative to that of the patrolman and defendant. In view of the trial court's caution to the jury at the time the evidence was received that it should be considered only as an admission and the written instruction to like effect, it cannot be said the evidence was sufficiently prejudicial to call for a reversal. Tuthill v. Alden, 239 Iowa 181, 186, 30 N.W.2d 726, 728; State v. Miskell, 247 Iowa 678, 683, 684, 687, 73 N.W.2d 36, 39, 41; State v. Brown, 253 Iowa 658, 669, 113 N.W.2d 286, 293; Petition of Omaha Public Power District, 168 Neb. 120, 95 N.W.2d 209, 214; Wynn v. Rood, 228 S. C. 577, 91 S.E.2d 276, 279; Reynolds v. Donoho, 39 Wash.2d 451, 236 P.2d 552, 556.

5A C. J. S., Appeal and Error, section 1724, pages 954–958, cites many decisions for these propositions: "Error in the admission of evidence is not ground for reversal where the party complaining introduces evidence of the same, or of a similar, kind, * * *. Similarly, error in the admission of evidence may be harmless where the same or similar evidence has been admitted without objection, or where other evidence tending to establish the same facts is admitted without objection."

No precedent has come to our attention that would support a reversal under this record. The principal decision relied upon is Warren v. Marsh, 215 Minn. 615, 11 N.W.2d 528, which holds a statute like our section 321.489, quoted above, prohibits evidence that a litigant pleaded guilty in justice court to a violation of a traffic regulation arising out of the accident. The court concluded a "conviction" includes a plea of guilty as well as a finding thereof. The court agreed that except for the statute such evidence would be proper as an admission against interest.

The facts in the cited case show a flagrant violation of the essentials of fair play in the administration of justice. Plaintiff was seriously injured from a collision at 3:45 p.m. While still in bed in his doctor's office at 10 that night suffering from multiple injuries, in no physical or mental condition to consider the criminal charge placed against him and without benefit of counsel, an officer brought a justice of the peace there to whom plaintiff pleaded guilty. After verdict for defendant was returned a new trial was granted based on the erroneous admission of the testimony and this was affirmed upon appeal.

On the question whether the evidence was prejudicial the opinion observes (page 623 of 215 Minn., page 532 of 11 N.W.2d), "The trial judge is in a more favorable position to determine this than we. He concluded that plaintiff was prejudiced because of the error committed." The court held, however, it was not misconduct of counsel for him to ask plaintiff the question whether he had pleaded guilty to the criminal charge. The opinion observes (page 621 of 215 Minn., page 531 of 11 N.W.2d) that motorists more readily plead guilty to a traffic charge when payment of only a small fine is involved and "a conviction is generally not considered a reflection on one's character."

It would seem the conclusion Warren v. Marsh reaches is the only one that could be reached under that record. Ours bears no fair analogy. This jury heard no evidence that witness Schmich was a justice or other magistrate. He was not asked if defendant pleaded guilty to a criminal charge—nor did he so testify—but merely for any conversation in regard to taillights on the Beyer car—a matter otherwise shown without objection. The conversation occurred twelve days after the accident, when defendant had had ample opportunity to obtain advice of counsel and may have done so. This jury was promptly cautioned and later instructed in writing as to the limited purpose for which Schmich's testimony might be considered. The trial court overruled defendant's motion for new trial based in part on the claimed prejudicial error in receiving the Schmich evidence. Although defendant contends section 321.489 was violated he argues "he could not be said to have pleaded guilty.

\* \* \* the fact he said 'the only violation he had was he had a bad taillight' did not make him guilty."

Other precedents cited by defendant need not be discussed. They do not conflict with the conclusion we reach.

In two Iowa automobile damage actions decided since section 321.489 was enacted evidence was received that defendant had pleaded guilty to a traffic charge growing out of the same accident—Tuthill v. Alden, supra, 239 Iowa 181, 186, 30 N.W.2d 726, 728, and Tucker v. Heaverlo, 249 Iowa 197, 205, 206, 86 N.W.2d 353, 358. We quote all of the Tuthill opinion which bears on the question: "[5] IV. Plaintiff offered proof of defendant's plea of guilty to the charge of Careless Driving. Defendant concedes such proof was relevant. Swan v. Philleo, 194 Iowa 790, 190 N.W. 406. The INFORMATION which was placed in evidence, contained the following notation: 'Fined $50.00 and Costs $3.85 as per order of the Court—PAID.' Defendant asserts this was prejudicial. No specific objection *to the notation* was made when the Information was admitted in evidence. Moreover, defendant himself, on direct examination, testified he was fined and paid the fine. No reversible error appears here [emphasis added]."

The implication from this is that evidence of the plea of guilty was proper and evidence of the fine and payment thereof was not prejudicial error because no specific objection was made to this part of the record and defendant himself later testified he was fined and paid the fine.

In Tucker v. Heaverlo, supra, evidence of defendant's plea of guilty to a charge of reckless driving was received as an admission in a civil action under the guest statute, Code section 321.494. We said, "A plea of guilty may be admissible as an admission against interest. Blashfield, Cyclopedia of Automobile Law and Practice, 1954 Edition, Volume 9C, section 6196, page 310.

"In Boyle v. Bornholtz, 224 Iowa 90, 100, 275 N.W. 479, we held a plea of guilty is not conclusive in a civil action and is admissible only to the extent of being evidence of an admission."

The Tucker opinion goes on to hold that since the recklessness referred to in the guest statute differs from the recklessness

referred to in the criminal statute (section 321.283), an admission of guilt under the latter was not evidence of recklessness under the former. Section 321.489 which makes inadmissible in a civil action the record of conviction for a violation of the chapter is quoted. This part of the opinion concludes:

"We have heretofore indicated our conclusions relative to a claimed admission in a criminal case, but as bearing on this question see Warren v. Marsh, 215 Minn. 615, 11 N.W.2d 528, 530, 532, where the Minnesota court discusses a statute similar in wording to the Iowa statute here quoted. It was there held evidence of a plea of guilty to a criminal recklessness statute was not admissible in a civil action involving liability by reason of claimed recklessness."

In view of our conclusion that testimony of witness Schmich was not sufficiently prejudicial to call for a reversal we need not reexamine either of our decisions last referred to. They accord with many in the absence of statutory provision to the contrary. Annotations, 31 A. L. R. 261, 278–283, 18 A. L. R.2d 1287, 1307–1312.

VI. Defendant says in argument the fact his left taillight was not working did not violate any statute. This point was not raised, however, by objection to the questions asked Schmich. And, as previously explained, Patrolman Hanson without objection and defendant himself testified the light was not working. Defective lights was not submitted to the jury as a charge of negligence against defendant. But evidence on the point was relevant and material on the question whether Mathews was negligent and, if so, whether such negligence was the sole proximate cause of the collision.

We have frequently pointed out that statutory requirements for signaling and otherwise call for the minimum of care, not the maximum. Whatever precautions reasonable prudence requires for the protection of others must be taken even though not exacted by statutory provisions. Richards v. Begenstos, 237 Iowa 398, 408, 21 N.W.2d 23, 28; Clayton v. McIlrath, 241 Iowa 1162, 1168, 44 N.W.2d 741, 745, 27 A. L. R.2d 307; Mongar v. Barnard, supra, 248 Iowa 899, 904, 905, 82 N.W.2d 765, 769, and citations in these cases.—Affirmed.

All JUSTICES concur except SNELL and HAYS, JJ., who dissent.

SNELL, J. (dissenting)—I respectfully dissent from Division V of the opinion. I think it was error to admit the testimony of plaintiff's witness Schmich and that the error was inherently prejudicial.

It may be that what I think was error had no effect on the outcome of the lawsuit, but the use of such evidence should be disapproved.

My dissent arises from a different concept and interpretation of section 321.489, Code, 1958. This statute was enacted in 1937 by the Forty-seventh General Assembly. See Forty-seventh General Assembly, chapter 134, section 508. This statute says: "No record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action." This statute erected a bar against evidence that prior thereto was admissible. It was in derogation of a common-law rule.

Section 4.2, Code, 1962 (and prior Codes), says:

"4.2 Common-law rule of construction. The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice."

If the prohibition of section 321.489 is to be limited according to the actual words contained therein, the admission of the testimony of Justice of the Peace Schmich was not error and the majority opinion is correct. I think, however, that the purpose and intent of the statute were to bar evidence of what took place in a criminal prosecution arising from the same incident and that the statute should be interpreted to that end. As illustrative of reading the purpose into a statute, we have repeatedly held that under section 321.271, Code of 1962 (and prior Codes), providing that written reports of accidents shall not be admissible, information disclosed to an officer while gathering information for a report is likewise privileged under the statute.

We may start from the premise that in the absence of the statute, section 321.489, Code, 1958, testimony as to an admission against interest would be admissible against the defendant. Respectable authorities, including our own cases antedating the statute, so hold. Here, however, the harm did not spring from what the defendant admitted but from the circumstances and what was said to him. In admitting that he had only one taillight defendant was not admitting any violation of the law. The fact that his left taillight was out was not in itself a violation of the law and was not negligence per se. It was not submitted as a specification of negligence. It was not relevant to the issues of negligence as submitted, and in connection therewith had no probative value in itself. In Division VI the majority opinion says the evidence was relevant and material on the questions of negligence and sole proximate cause. That was not the purpose for which it was received, and the jury was so instructed. However, the questions of materiality and relevancy are of too little importance here to require reversal.

The majority opinion quotes in full the testimony of the witness Schmich as heard by the jury and minimizes its effect.

In the absence of the jury the witness identified himself as justice of the peace in Carroll for 21 years and testified as to proceedings, the charge against defendant, his plea of guilty and the fine. Later, before the jury, he testified as quoted by the majority. Whether or not his identity was disclosed to the jury does not appear from the record before us, but, if not, it was a most unusual trial court procedure. In any event, it would certainly be naive to think that a jury in Carroll County would fail to get the significance when a man whom they must have known was a justice of the peace was called and testified as to proceedings in his office. He testified that defendant was *before* him in his office. There was a conversation about taillights. Then "I told him and advised him what he was charged with and he started to tell me that the only violation he had was he had a bad taillight." The jury was not told what the charge was nor the outcome. That was left to speculation. Jurors in Carroll County are not stupid. They can deduce that when a man is *charged* with something *in the*

*office* and *before* a man whom they must have known was a justice of the peace an offense against the law was involved. The almost inevitable inferences drawn from such a situation were, in my opinion, more harmful than if the whole story had been told. The inferences would inspire speculation ulterior to the specifications of negligence submitted and beyond our ability to evaluate.

The testimony of Justice Schmich as to what defendant said was, as noted by the majority, cumulative and probably non-prejudicial. It was to the effect that defendant had one bad taillight. It was also unnecessary, undisputed and not an issue, but what was said to defendant by the justice and the fact that the defendant was taken before a justice of the peace and charged were not cumulative. It was error if the purpose of the prohibitive statute is to be observed.

Tuthill v. Alden, cited and quoted by the majority opinion, differs from the case at bar. In the cited case, as shown by the quotation, there was no specific objection in the trial court and defendant himself testified he was fined and paid the fine.

Tucker v. Heaverlo, cited and discussed, was, as noted by the majority, a guest case. The trial court directed a verdict for defendant. On appeal plaintiff contended that defendant's plea of guilty to reckless driving in justice court generated a jury question of recklessness under the guest statute. It was held that the evidence was not admissible for that purpose. The prejudice to a defendant under circumstances such as we have in the instant case was not considered. The opinion cites Boyle v. Bornholtz, 224 Iowa 90, 100, 275 N.W. 479, as authority for admission of evidence of a plea of guilty as an admission against interest. That case was tried in district court before the effective date of section 321.489 and no construction nor interpretation of the statute was involved.

In a strict, technical sense the majority opinion avoids and may not constitute a construction of section 321.489. I am fearful, however, that the opinion may be considered as a construction or as the first step toward a construction with which I disagree.

I would construe the statute as having a greater prohibitive perimeter than does the majority opinion. I think that admis-

68

sion of testimony of the justice contravenes the purpose of the statute as effectively as would the admission of the record of conviction.

HAYS, J., joins in this dissent.