**Beulah M. GLANDON and T. A. Glandon, Appellees,**

**v.**

**Margaret FIALA and Vincent Fiala, Appellants.**

**No. 52803.**

Supreme Court of Iowa.

Feb. 6, 1968.

James W. Crawford and Gene V. Kellenberger, Cedar Rapids, for appellants.

John B. Reilly and William G. Faches, Cedar Rapids, for appellees.

MOORE, Justice.

The accident out of which this case arises occurred at the intersection of 13th Avenue Southwest and 1st Street Southwest in Cedar Rapids at approximately 1:00 p. m. December 31, 1964. Plaintiff, Beulah M. Glandon, was a passenger in a 1959 Chevrolet being driven in an easterly direction on 13th Avenue by its owner Wayne Charles Foster. Defendant, Margaret Fiala, was operating an automobile in a northerly direction on 1st Street. The front of the Fiala car came into contact with the right rear of Foster's car.

Division I of plaintiffs' petition claimed damages for personal injuries received by Mrs. Glandon in the accident. Division II asserted the claim of her husband T. A. Glandon for loss of services, society and consortium. The petition alleged the accident and resulting damages were caused by the negligence of defendant, Margaret Fiala, in the operation of a 1958 Chevrolet owned by her and defendant Vincent Fiala.

On trial of the issues the court directed a verdict in favor of Vincent Fiala for want of any proof of ownership of the 1958 Chevrolet. A jury verdict was returned for Beulah M. Glandon against Margaret Fiala for $2500. Another verdict awarded T. A. Glandon $500. From judgments on each of these verdicts defendant, Margaret Fiala, has appealed.

T. A. Glandon's derivative claim presents no separate issues on this appeal. For clarity we will refer to Beulah M. Glandon as plaintiff and Margaret Fiala as defendant.

Defendant asserts the trial court erred in, (1) not directing a verdict in her favor, (2) refusing to submit defendant's requested instruction as to lookout of plaintiff's driver, and (3) submitting to the jury plaintiff's third specification of negligence.

Plaintiff has failed to file a brief as required by rule 343, Rules of Civil Procedure, and her counsel made no oral argument be-fore us. We cannot approve such failure. It deprives us of appellee's views of the issues and applicable legal principles.

■ I. Defendant's first assigned error involves the sufficiency of the evidence. At the close of plaintiff's evidence defendant moved for a directed verdict which the trial court denied. Without offering any evidence defendant then rested and renewed her motion which was again denied. In considering the propriety of a motion for directed verdict we view the evidence in the light most favorable to the party against whom the motion was made. Rule 344(f) 2, R.C.P. We therefore set forth the facts in the light most favorable to plaintiff.

A short time before the accident Foster went to the home of Suzanne Bradish to see for the first time her five-month-old child. While there he met plaintiff, a neighbor of Mrs. Bradish. Thereafter plaintiff asked Foster to take her to LeMar Beauty Salon where she was to have her hair done. At first Foster declined but later consented and asked Mrs. Bradish to go along. Foster was unaware of the beauty shop location and was advised thereof by plaintiff. Plaintiff's husband was to pick her up when she finished at the beauty shop.

As they left the Bradish home Foster was driving. Mrs. Bradish who was holding her baby was seated to his right. Plaintiff was to the right of Mrs. Bradish, next to the right door. The intersection where the accident happened was three blocks from the Bradish home.

As they approached the intersection headed easterly on 13th Avenue Foster stopped the car five feet west of the west curbline of 1st Street. There were no stop signs at the intersection. While stopped he looked to his left (north) and saw no vehicle approaching. He then looked to his right (south) where he observed several automobiles parked along the west curb of 1st Street. To some extent they obstructed the view to the south. Some cars were also

parked along the east curb. Foster could see six or eight car lengths south down the street between the lines of parked cars. Mrs. Bradish made similar observations while the Foster car was stopped. Neither saw any moving vehicle to the south. Foster then started into the intersection and traveled between 5 and 10 miles per hour. When he was three-fourths through the intersection, about 35 feet, his vehicle was struck on the right side toward the rear by the front of defendant's northbound car. No screeching of brakes or tires was heard before the impact. Investigation thereafter showed no skid marks.

Foster testified that after starting he did not again look to his right until he saw defendant's vehicle about 20 feet away just before the collision. Mrs. Bradish did not see defendant's car until immediately before the collision. The Fiala car was going considerably faster than Foster's and did not slow down. Foster's car was shoved across the intersection and against the curb and telephone pole on the northeast corner where it veered off and stopped. It was badly damaged as was the front end of defendant's vehicle.

Plaintiff testified Foster stopped at the intersection, she relied on his skill as a driver as she did not drive and it was the first time she had traveled through that intersection. She did not look to her right and did not see defendant's vehicle until it struck the car in which she was riding. While the Foster car was stopped and as it moved into the intersection plaintiff was looking ahead or talking to Mrs. Bradish. She received considerable personal injury as a result of the accident. The extent thereof is not an issue on this appeal.

Defendant argues she was entitled to a directed verdict as Foster was guilty of negligence as a matter of law which was a proximate cause of the accident, that negligence was imputable to plaintiff and also that plaintiff was guilty of negligence as a matter of law. We do not agree.

■ The established rule in this state is the negligence of a driver of an automobile cannot be imputed to the passenger or guest who has no right to control the car or its driver. If the passenger does not bear such a relationship to the driver that he has a right of control in some manner over the means of locomotion then the negligence of the driver is not imputed to the passenger. Carpenter v. Wolfe, 223 Iowa 417, 426, 273 N.W. 169, 174; Lockwood v. Wiltgen, 251 Iowa 484, 489, 101 N.W.2d 724, 727; Russell v. Chicago, R. I. & P. R. Co., 251 Iowa 839, 845, 102 N.W.2d 881, 886; Mathews v. Beyer, 254 Iowa 52, 59, 116 N.W.2d 477, 481; Sayre v. Andrews, 259 Iowa 930, 146 N.W.2d 336, 344; Davidson v. Cooney, 259 Iowa 1278, 147 N.W.2d 819, 823; Case Note, 9 Drake Law Review, 48, 49, 50, and citations in footnotes. See also 65A C.J.S. Negligence § 168(4); 8 Am.Jur.2d, Automobile and Highway Traffic, section 668.

■ The relationship between plaintiff and Foster was not one of agency as claimed by defendant, with a right to control the means of locomotion. Plaintiff was not the owner of the vehicle and was lacking in any ability to exercise any control over the operation thereof. The most that may be said is that she gave directions regarding location of the beauty shop. This is not enough to establish any right of control.

In Stoker v. Tri-City R. Co., 182 Iowa 1090, 165 N.W. 30, L.R.A.1918F, 515, fellow employees were engaged in delivering ice cream for their employer. Plaintiff rode in the truck and advised the driver upon what streets the customers were located and suggested the route to travel thereto. He exercised no other control of the driver. We held the alleged negligence of the driver could not be imputed to plaintiff-passenger.

In Hickman v. Parag, Del., 3 Storey 217, 167 A.2d 225, the Delaware court held the occupant of an automobile who told the driver where but not how to drive did not exercise control of the automobile and the driver's alleged negligence was not imputed

to the occupant in an action for injuries resulting from a collision with a tractor-trailer. For a like holding where destination only was controlled in an agency relationship see Baber v. Akers Motor Lines, 94 U.S.App.D.C. 211, 215 F.2d 843.

We hold that as a matter of law Foster's negligence, if any, was not imputable to plaintiff. No claim is made the alleged negligence of Foster was the sole proximate cause of the accident. Defendant was not entitled to a directed verdict on the grounds of negligence of Foster.

II. Defendant next argues plaintiff was guilty of contributory negligence such as to bar recovery as a matter of law. We do not agree.

■ Plaintiff's duty as a passenger was to exercise reasonable care for her own safety under the circumstances. It is only in the plainest case where reasonable minds could come to no other conclusion that contributory negligence will be found as a matter of law. Carpenter v. Wolfe, 223 Iowa 417, 424, 425, 273 N.W. 169, 173, and citations.

■ A passenger in an automobile is not under an absolute duty to see an impending danger in time to interfere and prevent it. Within reasonable limits plaintiff had a right to rely upon the skill and judgment of the driver. She was not required to exercise the same degree of vigilance in looking and listening required of the driver. Frideres v. Lowden, 235 Iowa 640, 648, 17 N.W. 2d 396, 400, and citations; Plumb v. Minneapolis & St. L. Ry. Co., 249 Iowa 1187, 1193, 91 N.W.2d 380, 385, and citations.

In Mathews v. Beyer, supra, 254 Iowa 52, 116 N.W.2d 477, plaintiff was riding in the front seat beside her driver-husband. She had her eyes closed but was not asleep. The car ahead stopped to make a left turn without giving a proper signal and with a defective taillight. Plaintiff's husband attempted to avoid the stopped car but in doing so collided with an oncoming car. We held the question of the passenger's freedom from contributory negligence was for the jury.

In Puhrmann v. Lund, 254 Iowa 304, 308, 117 N.W.2d 495, 497 we held the trial court erred in directing a verdict against plaintiff, a front seat passenger, who gave no warning to the driver before the accident, on the grounds of contributory negligence as a matter of law. We said: "Generally the question of contributory negligence is for the jury, it is only in exceptional cases that it may be decided as a matter of law." See also rule 344(f) 10, R.C.P.

■ The trial court was correct in submitting the question of plaintiff's contributory negligence to the jury.

■ III. The trial court gave defendant's requested instruction submitting to the jury the question of whether under the facts Foster's negligence, if any, was imputable to plaintiff. The court refused to give defendant's requested instruction regarding Foster's duty to keep a proper lookout. No prejudice to defendant could result therefrom. We have already pointed out Foster's negligence, if any, was not imputable to plaintiff under the record. The trial court should not have submitted defendant's requested instruction on imputed negligence.

IV. Paragraph 4(3) of plaintiff's petition alleged defendant was negligent "In entering and driving her said automobile into said intersection after the said Wayne Foster, the operator of the automobile in which plaintiff was riding, had entered said intersection."

At the close of the evidence defendant moved to withdraw the above specification from plaintiff's petition. The grounds stated were: "There is no competent, credible evidence to support the submission of said specification in view of the directional right of way statute, and in view of the express holding in Jacobson v. Aldrich, 246 Iowa 1160, 68 N.W.2d 733, 735, and for the

further reason the mere fact an automobile enters an intersection before another automobile does not alter the effect of the right of way statute in any manner or degree."

The trial court overruled defendant's motion to withdraw this specification and it was set out in the exact language pleaded as the second of two specifications of negligence in the statement of issues to the jury. The first specification of negligence submitted had to do with defendant's control of her vehicle.

Our holding in Jacobson v. Aldrich, 246 Iowa 1160, 68 N.W.2d 733 clearly demonstrates the trial court committed prejudicial error in overruling defendant's motion to withdraw the quoted specification and submitting it to the jury.

Code section 321.319, as material here, provides: "Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way. * * *"

 The undisputed facts establish defendant had the directional right of way but this is not an absolute right, but a relative one. Otherwise the driver of any vehicle struck from the right at an intersection would be guilty of negligence for failure to yield the right of way. The directional right of way is qualified by Code section 321.288 which requires a person operating a motor vehicle to have it under control and reduce its speed to a reasonable and proper rate when approaching and traversing an intersection.

In Jacobson v. Aldrich, supra, we say: "Nevertheless, the directional right-of-way statute has meaning. It does not depend for its effect upon which car first entered the intersection, nor upon which car struck the other, nor at what point upon the car or in the intersection. The statute is intended to promote safety, to give motorists a guiding rule by which rights at

intersections may be determined. It does not contemplate a race for the intersection; if at their respective distances and speeds the two cars approaching at right angles will collide it is the duty of the one on the left to give way." (page 1164, 246 Iowa, pages 735, 736, 68 N.W.2d)

The specification of negligence defendant sought to have withdrawn contemplated a race for the intersection in violation of the provisions of section 321.319. The erroneous ruling of the trial court requires a reversal and a new trial.

Reversed.

All Justices concur.